1   NATE A. GARHART (S.B. # 196872)
    (nate@cobaltlaw.com)
2   AMANDA R. CONLEY (S.B. #281270)
    (amanda@cobaltlaw.com)
3
    COBALT LLP
4   918 Parker St., Bldg. A21
    Berkeley, California 94710
5   Telephone: (510) 841-9800
    Facsimile: (510) 295-2401
6
    Attorneys for Plaintiff
7   THE WAVE STUDIO, LLC

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  THE WAVE STUDIO, LLC, a New York         Case No.  4:14-cv-01342
    Limited Liability Corporation,
12                                           **COMPLAINT FOR COPYRIGHT
                    Plaintiff,               INFRINGEMENT**
13
                    v.                       **JURY TRIAL DEMANDED**
14
    MASTERCARD INTERNATIONAL, INC.,
15  a Delaware corporation,

16                  Defendant.

17

18

19

20

21

22

23

24

25

26

27

28
                                             THE WAVE STUDIO, LLC
                                             COMPLAINT FOR COPYRIGHT
                        1                    INFRINGEMENT, Case No. 4:14-cv-01342

The Wave Studio, LLC ("Plaintiff"), by its attorneys, Cobalt LLP, for its complaint

against MasterCard International, Incorporated ("MasterCard" or "Defendant") alleges as

follows:

## NATURE OF THIS ACTION

1.      Plaintiff is the copyright owner of photographic works created by one of its members,

Junior Lee. Ms. Lee is a Malaysian photographer who uses her pictures to create distinctive

marketing and promotional materials for prominent hotels and renowned travel organizations

worldwide. This is an action for copyright infringement arising out of Defendant's unauthorized

reproduction, display, distribution, publication and utilization of several of Plaintiff's

photographs in connection with Defendant's promotion and sale of hotel and travel bookings on a

website accessed across the United States.

2.      Ms. Lee is commissioned either by hotel management and promotional agencies, or by

hotel and travel locations directly, to photograph elite hotel properties and destination locales and

to create marketing and promotional materials featuring her photographs. However, per the

express terms of her contract with such agencies, Plaintiff retains sole and exclusive ownership of

all right, title and interest in and to the underlying photos, as well as the sole and exclusive right

to license, distribute and use the photographs for any and all other purposes.

3.      As set forth in more detail below, Defendant has committed blatant acts of copyright

infringement by improperly using Plaintiff's photographs—without authorization—for its own

financial gain, including but not limited to, using Plaintiff's photographs in its own articles, photo

galleries, and promotional materials, all of which are generating traffic to and revenue for

Defendant and its business. By virtue of this action, Plaintiff should be awarded the appropriate

injunctive relief and monetary damages to remedy and redress Defendant's rampant, willful and

continued misuse of Plaintiff's copyrighted photographs.

## JURISDICTION AND VENUE

4.      This complaint alleges a cause of action under the Copyright Laws of the United States,

Title 17 of the United States Code.

5.      This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331

and 1338 because Plaintiff's claim against Defendant arises under Title 17 of the United States

Code.

6.      This Court has personal jurisdiction over the Defendant because Defendant has done and

continues to do business in this district.  Defendant also maintains a place of business in this

district, located at 2999 Oak Road, Suite 1020, Walnut Creek, California 94597.

7.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part

of the events giving rise to the claim occurred in this judicial district.

## THE PARTIES

8.      Plaintiff, The Wave Studio, LLC, is a limited liability company organized under the laws

of the State of New York, with its principal place of business at One Barker Avenue, #542, White

Plains, New York 10601. Plaintiff is a business entity operated by photographer Junior Lee, a

Malaysian citizen currently domiciled in Singapore. Ms. Lee creates marketing materials for

businesses worldwide using her original works, but retains ownership of all rights, title, and

interest in and to all artistic works used therein. The Wave Studio, LLC was formed to hold,

manage, and control the U.S. intellectual property rights to said works, including, but not limited

to, several U.S. copyright registrations.

9.      Upon information and belief, Defendant MasterCard International, Inc. is a Delaware

corporation with its principal place of business at 2000 Purchase Street, Purchase, New York

THE WAVE STUDIO, LLC
COMPLAINT FOR COPYRIGHT
INFRINGEMENT, Case No. 4:14-cv-01342

3

10577. Upon information and belief, Defendant MasterCard International, Inc. registers and uses the domain name <www.mastercard.com>. Upon information and belief, Defendant MasterCard International, Inc. regularly transacts or solicits business in the State of New York through, inter alia, a website resolving to <www.mastercard.com>.

## FACTUAL BACKGROUND

10.     Over the years, Junior Lee has established a widely successful business in travel and hotel photography worldwide. She has photographed The Setai Miami (USA), The Heritage House Mendocino (USA), The Chedi Milan (Italy), The Leela Goa (India), The Chedi Muscat (Oman), The Nam Hai Hoi An (Vietnam), The Chedi Chiang Mai (Thailand), The Chedi Phuket (Thailand), The Datai Langkawi (Malaysia), The Andaman Langkawi (Malaysia), The Saujana Kuala Lumpur (Malaysia), The Club at The Saujana Kuala Lumpur (Malaysia), Carcosa Seri Negara Kuala Lumpur (Malaysia), The Legian Seminyak (Bali), The Club at The Legian Seminyak (Bali), The Chedi Club Ubud (Bali), The Serai Club Jimbaran (Bali), The Lalu Sun Moon Lake (Taiwan), Langsuan Apartment Bangkok (Thailand), Seah St. Apartment (Singapore), GHM Boutique Products (Singapore), The Fullerton Hotel (Singapore), Raffles Hotel (Singapore), La Pari-Pari Hotel Langkawi (Malaysia), and Four Seasons Great Exuma (Bahamas). Her photographs are highly sought after works of art that businesses worldwide routinely display in the course of promoting their facilities, custom, and trade.  Specifically, her photographs of The Setai Miami, The Chedi Muscat, The Nam Hai Hoi An and The Detai Langkawi (the "Hotel Photographs") are at issue in this matter.

11.     The nature of Ms. Lee's photography business is promotional in nature. Generally, Ms. Lee is commissioned by her clientele to photograph certain items, personnel, sites, or facilities, modify the images as necessary, and deliver the final product to her clientele for approval. Ms.

Lee is usually compensated via the client's purchase of marketing materials that incorporate her photographs. In other words, the client purchases the marketing materials designed and manufactured by Ms. Lee, inclusive of a license to distribute the marketing materials created by Ms. Lee. The client does not purchase the underlying photographs.

12.     Ms. Lee specifically reserves all rights to her works that are not otherwise purchased by her client. One of the rights she reserves is the ownership of the photographs, including the copyright in and to the same.

13.     Ms. Lee, through various business entities (including, but not limited to, Wave-s, The Wave Pte. Ltd. and The Wave Design Pte. Ltd.) obtained copyright registrations from the United States Copyright Office for the Hotel Photographs (collectively and individually, "Copyrighted Works"). True and correct copies of registration certificates for the Copyrighted Works are attached hereto as **Exhibit 1.**

| Registration Number | Title of Work |
| --- | --- |
| VA 1-432-326 | The Wave Design Pte. Ltd. Photographs 2007 (A) |
| VA 1-432-328 | Wave-s Photographs 2003 |
| VA 1-432-331 | The Wave Pte. Ltd. Photographs 2005 (A) |

14.     On November 11, 2011, the authors of the Copyrighted Works, by and through Ms. Lee, assigned all right, title and interest in and to the Copyrighted Works to Plaintiff.

15.     Plaintiff has never assigned or otherwise transferred any interest in and to the Copyrighted Works to Defendant or otherwise dedicated them to the public.

16.     Defendant did not seek, nor has it ever sought, Plaintiff or Junior Lee's permission to utilize the Hotel Photographs.

17.     Despite having no permission, consent, or license to do so from Plaintiff, Defendant has used and continues to use the Hotel Photographs and has not compensated Plaintiff for such use.

1  18.    Upon information and belief, the Hotel Photographs that are the subject of the

2  Copyrighted Works have been seen and continue to be seen by thousands of users on a daily

3  basis.

4  19.    Upon information and belief, Defendant has utilized the Hotel Photographs for purposes

5  of trade, including promoting and advertising the bookings to the boutique and high-end hotels

6

7  featured in those Works, thus realizing significant revenue.

8  **FIRST CLAIM FOR RELIEF**
   **Copyright Infringement**

9  **(17 U.S.C. § 101 *et seq.*)**

10 20.    Plaintiff repeats and realleges and incorporates by reference each and every allegation

11 contained in paragraphs 1 through 19 above.

12 21.    Defendant has directly infringed Plaintiff's Hotel Photographs that are the subject of the

13

14 Copyrighted Works by reproducing, displaying, or distributing unauthorized copies of Plaintiff's

15 photographs in violation of 17 U.S.C. § 501 et seq.

16 22.    Defendant copied Plaintiff's entire images for its own personal commercial gain.

17 Moreover, Defendant's use of the Hotel Photographs is for the exact same purpose as Plaintiff's

18 intended use: to promote and market hotel properties and destination locations. Thus, there is no

19 added benefit to the public from having Defendant display Plaintiff's Hotel Photographs.

20

21 23.    Specifically, without authorization or consent, Defendant has reproduced, displayed or

22 distributed Plaintiffs Copyrighted Works of Registration Nos. VA 1-432-326; VA 1-432-328; and

23 VA 1-432-331. True and correct copies of Defendant's website demonstrating its unauthorized

24 use of Plaintiff's Copyrighted Works are attached as **Exhibit 2**.

25 24.    Defendant's infringement of Plaintiff's rights in and to each of the Copyrighted Works

26 constitutes a separate and distinct act of infringement.

27

28

THE WAVE STUDIO, LLC
COMPLAINT FOR COPYRIGHT
6                  INFRINGEMENT, Case No. 4:14-cv-01342

25.     Upon information and belief, Defendant knew or should have known that its acts constituted copyright infringement.

26.     Defendant's conduct was willful within the meaning of the Copyright Act.

27.     Plaintiff has been damaged by Defendant's conduct, including, but not limited to economic losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all the possible damages stemming from the Defendant's conduct.

28.     Because of the willful nature of the Defendant's conduct, Plaintiff is entitled to an award of statutory damages for each instance of copyright infringement by Defendant, in lieu of recovery of exemplary damages, attorneys' fees, and all associated costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendant MasterCard International Inc. as follows:

A.     That Defendant has infringed Plaintiff's rights in the Copyrighted Works;

B.     For entry of preliminary and permanent injunctions providing that Defendant and its officers, agents, servants and those persons in active concert or participation shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted Works;

C.     For entry of preliminary and permanent injunctions providing that Defendant shall immediately remove all copies of the Copyrighted Works from its websites and/or immediately seek a license from Plaintiff for its use;

D.     For entry of judgment that Defendant shall pay actual damages and profits, or statutory damages, pursuant to 17 U.S.C. § 504, at the election of Plaintiff;

E.     For entry of judgment that Defendant shall pay Plaintiff's costs and attorneys' fees incurred

1    in this action, pursuant to 17 U.S.C. § 505;

2    F.    For entry of judgment that Plaintiff be granted such other relief as the Court deems just,

3    equitable and proper.

4

5

6         Dated:  March 24, 2014

7                                              COBALT LLP

8

9                                              By _____
                                                  Nate A. Garhart
10                                                 Amanda R. Conley

11                                             Attorneys for Plaintiff
                                               The Wave Studio, LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

JURY DEMAND

2     The Wave Studio, LLC respectfully requests a jury trial on all issues triable thereby.

3

4

Dated:  March 24, 2014

5

                                    COBALT LLP

6

7

                                    By _____

8

                                       Nate A. Garhart
                                       Amanda R. Conley

9

10

                                    Attorneys for Plaintiff
                                       The Wave Studio, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         THE WAVE STUDIO, LLC
                                         COMPLAINT FOR COPYRIGHT
9                                         INFRINGEMENT, Case No. 4:14-cv-01342