NATE A. GARHART (CA Bar No. 196872)
(nate@cobaltlaw.com)
VIJAY K. TOKE (CA Bar No. 215079)
(vijay@cobaltlaw.com)
AMANDA R. CONLEY (CA Bar No. 281270)
(amanda@cobaltlaw.com)

COBALT LLP
918 Parker Street, Bldg. A21
Berkeley, CA 94710
Telephone: (510) 841-9800
Facsimile: (510) 295-2401

Attorneys for Plaintiff
THE WAVE STUDIO, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| THE WAVE STUDIO, LLC, a New York Limited Liability Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MASTERCARD INTERNATIONAL, INC., a Delaware corporation; VIRTUOSO, LTD., a Delaware corporation; and DOES 1-100,<br><br><br>Defendants. | Case No. 3:14-cv-01342-RS<br><br>**FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

     The Wave Studio, LLC ("Plaintiff"), by its attorneys, Cobalt LLP, for its first amended complaint against MasterCard International, Incorporated ("MasterCard"), Virtuoso, Ltd. ("Virtuoso"), and Does 1-100 (collectively with MasterCard and Virtuoso, "Defendants") alleges as follows:

### NATURE OF THIS ACTION

     1.     Plaintiff is the copyright owner of photographic works created by one of its members, Junior Lee. Ms. Lee is a Malaysian photographer who uses her pictures to create

distinctive marketing and promotional materials for prominent hotels and renowned travel organizations worldwide. This is an action for copyright infringement arising out of Defendants' unauthorized reproduction, display, distribution, publication and utilization of several of Plaintiff's photographs in connection with Defendants' promotion and sale of hotel and travel bookings on a website accessed across the United States.

2.      Ms. Lee is commissioned either by hotel management and promotional agencies, or by hotel and travel locations directly, to photograph elite hotel properties and destination locales and to create marketing and promotional materials featuring her photographs. However, per the express terms of her contract with such agencies, Plaintiff retains sole and exclusive ownership of all right, title and interest in and to the underlying photos, as well as the sole and exclusive right to license, distribute, and use the photographs for any and all other purposes.

3.      As set forth in more detail below, Defendants have committed blatant acts of copyright infringement by improperly using Plaintiff's photographs—without authorization—for their own financial gain, including but not limited to, using Plaintiff's photographs in articles, photo galleries, and promotional materials, all of which are generating traffic to and revenue for Defendants and their businesses. By virtue of this action, Plaintiff should be awarded the appropriate injunctive relief and monetary damages to remedy and redress Defendants' rampant, willful, and continued misuse of Plaintiff's copyrighted photographs.

**JURISDICTION AND VENUE**

4.      This complaint alleges a cause of action under the copyright laws of the United States, Title 17 of the United States Code.

5.      This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff's claim against Defendants arises under Title 17 of the United States Code.

6.      This Court has personal jurisdiction over MasterCard because MasterCard has done and continues to do business in this district, including but not limited to entering into contracts with entities in this district and offering travel packages throughout this district.

/ / /

1    Defendant MasterCard also maintains a place of business in this district, located at 2999 Oak

2    Road, Suite 1020, Walnut Creek, California 94597.

3        7.    This Court has personal jurisdiction over Virtuoso because Virtuoso has done and

4    continues to do business in this district, including but not limited to entering into contracts with

5    entities in this district and offering travel packages throughout this district.

6        8.    Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a

7    substantial part of the events giving rise to the claim occurred in this judicial district.

8                                **THE PARTIES**

9        9.    Plaintiff, The Wave Studio, LLC, is a limited liability company organized under

10    the laws of the State of New York, with its principal place of business at One Barker Avenue,

11    #542, White Plains, New York 10601. Plaintiff is a business entity operated by photographer

12    Junior Lee, a Malaysian citizen currently domiciled in Singapore. Ms. Lee creates marketing

13    materials for businesses worldwide using her original works, but retains ownership of all rights,

14    title, and interest in and to all artistic works used therein. The Wave Studio, LLC was formed to

15    hold, manage, and control the U.S. intellectual property rights to said works, including, but not

16    limited to, several U.S. copyright registrations.

17        10.    Upon information and belief, Defendant MasterCard International, Inc. is a

18    Delaware corporation with its principal place of business at 2000 Purchase Street, Purchase, New

19    York 10577. Upon information and belief, Defendant MasterCard registers and uses the domain

20    name <www.mastercard.com>. Upon information and belief, Defendant MasterCard

21    International, Inc. regularly transacts or solicits business in this district through, *inter alia*, a

22    website resolving to <www.mastercard.com>.

23        11.    Upon information and belief, Defendant Virtuoso, Ltd. is a Delaware corporation

24    with its principal place of business at 505 Main Street, Suite 500, Fort Worth, Texas 76102. Upon

25    information and belief, Defendant Virtuoso registers and uses the domain name

26    <www.virtuoso.com>. Upon information and belief, Defendant Virtuoso regularly transacts or

27    solicits business in this district through, *inter alia*, a website resolving to <www.virtuoso.com>.

28    / / /

12.    The true names and capacities, whether individual, corporate, or otherwise, of Defendants Does 1 through 100 are presently unknown to Plaintiff, who, therefore, sues them by such fictitious names. Plaintiff expects, but is presently without information sufficient to confirm, that one or more of Defendants distributed Plaintiff's photographs to third parties without Plaintiff's authorization and/or otherwise infringed upon Plaintiff's copyright rights to works of art at issue in this case, infringing those copyright rights. At such time as Plaintiff ascertains the identity and nature of any such third parties, Plaintiff will seek leave of Court to amend this Complaint accordingly. On information and belief, Plaintiff alleges that each of Does 1 through 100 was the agent, representative, or employee of each of the other Defendants and was acting at all times within the scope of his, her, or its agency or representative capacity, and that each of Does 1 through 100 are liable to Plaintiff in connection with the claims sued upon here and are responsible in some manner for the wrongful acts and conduct alleged here.

## FACTUAL BACKGROUND

13.    Over the years, Junior Lee has established a widely successful business in travel and hotel photography worldwide. She has photographed The Setai Miami (USA), The Heritage House Mendocino (USA), The Chedi Milan (Italy), The Leela Goa (India), The Chedi Muscat (Oman), The Nam Hai Hoi An (Vietnam), The Chedi Chiang Mai (Thailand), The Chedi Phuket (Thailand), The Datai Langkawi (Malaysia), The Andaman Langkawi (Malaysia), The Saujana Kuala Lumpur (Malaysia), The Club at The Saujana Kuala Lumpur (Malaysia), Carcosa Seri Negara Kuala Lumpur (Malaysia), The Legian Seminyak (Bali), The Club at The Legian Seminyak (Bali), The Chedi Club Ubud (Bali), The Serai Club Jimbaran (Bali), The Lalu Sun Moon Lake (Taiwan), Langsuan Apartment Bangkok (Thailand), Seah St. Apartment (Singapore), GHM Boutique Products (Singapore), The Fullerton Hotel (Singapore), La Pari-Pari Hotel Langkawi (Malaysia), and Four Seasons Great Exuma (Bahamas). Her photographs are highly sought after works of art that businesses worldwide routinely display in the course of promoting their facilities, custom, and trade.  Specifically, her photographs of The Setai Miami, The Chedi Muscat, The Nam Hai Hoi An and The Detai Langkawi (the "Hotel Photographs") are at issue in this matter.

14.     Ms. Lee's photography business is promotional in nature. Generally, Ms. Lee is commissioned by her clientele to photograph certain items, personnel, sites, or facilities, modify the images as necessary, and deliver the final product to her clientele for approval. Ms. Lee is usually compensated via the client's purchase of marketing materials that incorporate her photographs.  In other words, the client purchases the marketing materials designed and manufactured by Ms. Lee, inclusive of a limited license to distribute the marketing materials created by Ms. Lee. The client does not purchase the underlying photographs.

15.     Ms. Lee specifically reserves all rights to her works that are not otherwise purchased by her client. One of the rights she reserves is the ownership of the photographs, including the copyright in and to the same.

16.     Ms. Lee, through various business entities (including, but not limited to, Wave-s, The Wave Pte. Ltd. and The Wave Design Pte. Ltd.) obtained copyright registrations from the United States Copyright Office for the Hotel Photographs (collectively and individually, "Copyrighted Works"). True and correct copies of registration certificates for the Copyrighted Works are attached hereto as **Exhibit 1**.

| Registration Number | Title of Work |
|---|---|
| VA 1-432-325 | Wave-S photographs 2002 |
| VA 1-432-326 | The Wave Design Pte. Ltd. Photographs 2007 (A) |
| VA 1-432-328 | Wave-s Photographs 2003 |
| VA 1-432-331 | The Wave Pte. Ltd. Photographs 2005 (A) |
| VA 1-432-332 | The Wave Design Pte, Ltd. Photographs 2005 (B) |

17.     On November 11, 2011, the authors of the Copyrighted Works, by and through Ms. Lee, assigned all right, title and interest in and to the Copyrighted Works to Plaintiff.

18.     Plaintiff has never assigned, licensed, or otherwise transferred any interest in and to the Copyrighted Works to Defendants or otherwise dedicated them to the public.

19.     Defendants did not seek, nor have they ever sought, Plaintiff or Junior Lee's permission to utilize the Hotel Photographs.

/ / /

1    20.    Despite having no permission, consent, or license to do so from Plaintiff,

2    Defendants have used and continue to use the Hotel Photographs and have not compensated

3    Plaintiff for such use.

4    21.    Upon information and belief, the Hotel Photographs that are the subject of the

5    Copyrighted Works have been seen and continue to be seen by thousands of users on a daily

6    basis.

7    22.    Upon information and belief, Defendants have utilized the Hotel Photographs for

8    purposes of trade, including promoting and advertising the bookings to the boutique and high-end

9    hotels featured in those Works, thus realizing significant revenue, all without Plaintiff's

10   authorization.

11   23.    Upon information and belief, Defendant Virtuoso has distributed copies of the

12   Hotel Photographs to its partners, affiliates, clients, and other third parties, including but not

13   limited to Defendant MasterCard, for use on their own websites.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement**
**(17 U.S.C. § 101 *et seq.*)**
**(Against all defendants)**

17   24.    Plaintiff repeats and realleges and incorporates by reference each and every

18   allegation contained in paragraphs 1 through 23 above.

19   25.    Defendants have directly infringed Plaintiff's Hotel Photographs that are the

20   subject of the Copyrighted Works by reproducing, displaying, and/or distributing unauthorized

21   copies of Plaintiff's photographs in violation of 17 U.S.C. § 501 et seq.

22   26.    Defendants copied Plaintiff's entire images for their own personal commercial

23   gain. Moreover, Defendants' use of the Hotel Photographs is for the exact same purpose as

24   Plaintiff's intended use: to promote and market hotel properties and destination locations. Thus,

25   there is no added benefit to the public from having Defendants display Plaintiff's Hotel

26   Photographs.

27   27.    Specifically, without authorization or consent, Defendant MasterCard has

28   reproduced, displayed and/or distributed Plaintiff's Copyrighted Works of Registration Nos. VA

1-432-326; VA 1-432-328; and VA 1-432-331. True and correct copies of Defendant MasterCard's website demonstrating its unauthorized use of Plaintiff's Copyrighted Works are attached as **Exhibit 2**.

28.    Without authorization or consent, Defendant Virtuoso has reproduced, displayed, and/or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-325; VA 1-432-328; VA 1-432-331; and VA 1-432-332. True and correct copies of Defendant Virtuoso's website demonstrating its unauthorized use of Plaintiff's Copyrighted Works are attached as **Exhibit 3**.

29.    Defendants' infringement of Plaintiff's rights in and to each of the Copyrighted Works constitutes a separate and distinct act of infringement.

30.    Upon information and belief, Defendants knew or should have known that their acts constituted copyright infringement.

31.    Defendants' conduct was willful within the meaning of the Copyright Act.

32.    Plaintiff has been damaged by Defendants' conduct, including, but not limited to, economic losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all the possible damages stemming from the Defendants' conduct.

33.    Because of the willful nature of the Defendants' conduct, Plaintiff is entitled to, at its election, an award of statutory damages for each instance of copyright infringement by Defendants, in lieu of recovery of exemplary damages, as well as attorneys' fees, and all associated costs.

**SECOND CLAIM FOR RELIEF**
**Contributory Copyright Infringement**
**(17 U.S.C. § 101 *et seq.*)**
**(Against Defendant Virtuoso)**

34.    Plaintiff repeats and realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 33 above.

35.    By distributing and/or offering to distribute the Hotel Photographs to its third party partners, affiliates, and clients, including but not limited to Defendant MasterCard, Defendant Virtuoso has induced, caused, and/or materially contributed to the infringing conduct of third

parties including Defendant MasterCard.  Defendant Virtuoso did so with the intention of having Defendant MasterCard, and others to whom it distributed Hotel Photographs, display the photographs on their websites, in violation of Plaintiff's copyright rights.  Therefore, Defendant Virtuoso has specific knowledge of the infringement of Plaintiff's copyright rights in the Hotel Photographs by the entities to which it distributed the Hotel Photographs.

36.     Defendants Virtuoso's contributory infringement of Plaintiff's rights in and to each of the Copyrighted Works constitutes a separate and distinct act of contributory infringement.

37.     Upon information and belief, Defendant Virtuoso has realized profit by virtue of its contributory infringement of Plaintiff's copyrights.

38.     Upon information and belief, Defendant Virtuoso knew or should have known that its acts constituted contributory copyright infringement.

39.     Defendant Virtuoso's conduct was willful within the meaning of the Copyright Act.

40.     Plaintiff has been damaged by Defendant Virtuoso's conduct, including, but not limited to, economic losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all the possible damages stemming from the Defendant Virtuoso's conduct.

41.     Because of the willful nature of the Defendant Virtuoso's conduct, Plaintiff is entitled, at its election, to an award of statutory damages for each instance of contributory copyright infringement by Defendant Virtuoso, in lieu of recovery of exemplary damages, as well as attorneys' fees, and all associated costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants as follows:

1.     That Defendants have infringed, directly or indirectly, Plaintiff's rights in the Copyrighted Works;

/ / /

2.      For entry of preliminary and permanent injunctions providing that Defendants and their officers, agents, servants, and those persons in active concert or participation shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted Works;

3.      For entry of preliminary and permanent injunctions providing that Defendants shall immediately remove all copies of the Copyrighted Works from their websites and/or immediately seek a license from Plaintiff for their use;

4.      For entry of judgment that Defendants shall pay actual damages and profits, or statutory damages, pursuant to 17 U.S.C. § 504, at the election of Plaintiff;

5.      For entry of judgment that Defendants shall pay Plaintiff's costs and attorneys' fees incurred in this action, pursuant to 17 U.S.C. § 505;

6.      For entry of judgment that Plaintiff be granted such other relief as the Court deems just, equitable and proper.


Dated:  July 9, 2014                        COBALT LLP


                                            By:  /s/ Nate A. Garhart
                                                Nate A. Garhart
                                                Attorneys for Plaintiff
                                                THE WAVE STUDIO, LLC




**JURY DEMAND**

The Wave Studio, LLC respectfully requests a jury trial on all issues triable thereby.


Dated:  July 9, 2014                        COBALT LLP


                                            By:  /s/ Nate A. Garhart
                                                Nate A. Garhart
                                                Attorneys for Plaintiff
                                                THE WAVE STUDIO, LLC