1  NATE A. GARHART (CA Bar No. 196872)
   (nate@cobaltlaw.com)
2  VIJAY K. TOKE (CA Bar No. 215079)
   (vijay@cobaltlaw.com)
3  AMANDA R. CONLEY (CA Bar No. 281270)
   (amanda@cobaltlaw.com)
4
5  COBALT LLP
   918 Parker Street, Bldg. A21
   Berkeley, CA 94710
6  Telephone: (510) 841-9800
   Facsimile: (510) 295-2401
7
8  Attorneys for Plaintiff
   THE WAVE STUDIO, LLC

9

10                 UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13  THE WAVE STUDIO, LLC, a New York          Case No. 3:14-cv-01342-RS
    Limited Liability Corporation,
14                                            **CASE MANAGEMENT STATEMENT;**
                    Plaintiff,                **[PROPOSED] ORDER**
15
          v.                                  Date:  July 31, 2014
16                                            Time:  10:00 a.m.
    MASTERCARD INTERNATIONAL, INC., a         Place: Courtroom 3 – 17th Floor
17  Delaware corporation; VIRTUOSO, LTD., a
    Delaware corporation; and DOES 1-100,     Honorable Richard Seeborg
18
19                  Defendants.

20

21

22      Plaintiff THE WAVE STUDIO, LLC, a New York Limited Liability Corporation

23  ("Wave" or "Plaintiff") submits this Case Management Conference ("CMC") Statement and

24  [Proposed] Order pursuant to Federal Rule of Civil Procedure 26 (f)(2), L. R. 16-9 and this

25  Court's Standing Order for All Judges of the Northern District of California dated July 1, 2011:

26      1.      Jurisdiction & Service

27      Wave contends that this Court has original subject matter jurisdiction under 28 U.S.C. §§

28  1331 and 1338(a) and the Copyright Act of 1976, as amended (17 U.S.C. § 101, *et seq.*), in that

---

**CASE MANAGEMENT STATEMENT;**                              Case No.: 3:14-cv-01342-RS
**[PROPOSED] ORDER**                        1

1    this case arises under the copyright laws of the United States.  Defendant MasterCard

2    International, Inc. ("MasterCard") was served with the complaint on July 22, 2014.  Its responsive

3    pleading is due on or before August 12, 2014.  Defendant Virtuoso, Ltd. ("Virtuoso") was served

4    with the complaint on July 24, 2014.  Its responsive pleading is due on or before August 14, 2014.

5    Wave does not know the identities of all possible defendants and anticipates naming and serving

6    additional parties as facts learned in discovery reveal the identity of these additional parties or

7    reasons to add another party (whether currently known or unknown) into the litigation.

8        2.    Facts

9        Plaintiff, The Wave Studio, LLC, is a limited liability company organized under the laws

10   of the State of New York, with its principal place of business at One Barker Avenue, #542, White

11   Plains, New York 10601. Plaintiff is a business entity operated by photographer Junior Lee, a

12   Malaysian citizen currently domiciled in Singapore. Ms. Lee creates marketing materials for

13   businesses worldwide using her original works, but retains ownership of all rights, title, and

14   interest in and to all artistic works used therein. The Wave Studio, LLC was formed to hold,

15   manage, and control the U.S. intellectual property rights to said works, including, but not limited

16   to, several U.S. copyright registrations.

17       Over the years, Junior Lee has established a widely successful business in travel and hotel

18   photography worldwide. She has photographed numerous hotels worldwide.  Her photographs are

19   highly sought after works of art. Generally, Ms. Lee is commissioned by her clientele to

20   photograph certain items, personnel, sites, or facilities, modify the images as necessary, and

21   deliver the final product to her clientele for approval. Her clients worldwide routinely display her

22   photographs, pursuant to a license, in the course of promoting their facilities, custom, and trade.

23   At issue in this case are photographs of Ms. Lee's of The Setai Miami, The Chedi Muscat, The

24   Nam Hai Hoi An and The Detai Langkawi (the "Hotel Photographs").  Ms. Lee, through various

25   business entities (including, but not limited to, Wave-s, The Wave Pte. Ltd. and The Wave

26   Design Pte. Ltd.), obtained copyright registrations from the United States Copyright Office for

27   the Hotel Photographs (collectively and individually, "Copyrighted Works").  All of the copyright

28   registrations for the Hotel Photographs have been duly assigned to, and are now owned by,

1    Plaintiff Wave.  The Hotel Photographs that are the subject of the Copyrighted Works have been

2    seen and continue to be seen by thousands of users on a daily basis.

3         Defendants have unlawfully utilized the Copyrighted Works for purposes of trade,

4    including promoting and advertising the bookings to the boutique and high-end hotels featured in

5    those Works, thus realizing significant revenue, all without Plaintiff's authorization.  Specifically,

6    without authorization or consent, Defendant MasterCard has reproduced, displayed and/or

7    distributed Plaintiff's Copyrighted Works.  Similarly, without authorization or consent, Defendant

8    Virtuoso has reproduced, displayed, and/or distributed Plaintiff's Copyrighted Works.  Defendant

9    Virtuoso has also distributed copies of the Hotel Photographs to its partners, affiliates, clients, and

10   other third parties, including but not limited to Defendant MasterCard, for use on their own

11   websites.

12        Defendants' use of the Copyrighted Works is for the exact same purpose as Plaintiff's

13   intended use: to promote and market hotel properties and destination locations. Thus, there is no

14   added benefit to the public from having Defendants display Plaintiff's Hotel Photographs. All of

15   these activities by Defendants infringe Wave's copyright rights in the Copyrighted Works.  Wave

16   contends that Defendants' acts constitute willful infringement of Wave's copyright rights in the

17   Copyrighted Works.

18        3.    Legal Issues

19             a)    Whether Wave has protectable copyright rights in the Copyrighted Works;

20             b)    Whether MasterCard is directly liable for infringement of Wave's rights to

21        the Copyrighted Works;

22             c)    Whether Virtuoso is directly and/or contributorily liable for infringement

23        of Wave's rights to the Copyrighted Works;

24             d)    Whether Wave is entitled to damages for any such infringement and, if so,

25        for what amount;

26             e)    Whether Wave is entitled to injunctive relief for such infringement and, if

27        so, in what form

28   / / /

CASE MANAGEMENT STATEMENT;                                    Case No.: 3:14-cv-01342-RS
[PROPOSED] ORDER                            3

1          f)        Whether Wave is entitled to recovery of its reasonable costs and attorney's

2   fees under the Copyright Act

3          g)        If Plaintiff opts to recover statutory damages for the infringements alleged

4   in the complaint, the amount of such statutory damages.

5          4.        Motions

6          No motions are currently pending.  However, because Defendants MasterCard and

7   Virtuoso were only just served with the complaint, Plaintiff cannot rule out the possibility of

8   future motion practice.

9          5.        Amendment of Pleadings

10          Because Defendants MasterCard and Virtuoso were only just served with the complaint,

11   the parties have not discussed a cutoff for amendment of the pleadings.  Moreover, Plaintiff

12   believes that Defendant Virtuoso has unlawfully distributed the Copyrighted Works to other third

13   parties whose identities are not yet known.  Accordingly, Plaintiff intends to amend the complaint

14   to add such third parties as defendants once their identities are learned through further

15   investigation and/or discovery.

16          6.        Evidence Preservation

17          Because Defendants MasterCard and Virtuoso were only just served with the complaint,

18   the parties have not discussed, the parties have not discussed evidence preservation issues.

19   However, Plaintiff Wave has reviewed the Guidelines Relating to the Discovery of Electronically

20   Stored Information and intends to comply with its duties to preserve evidence, and such evidence

21   is being preserved.

22          7.        Disclosures

23          Plaintiff intends to comply with the initial disclosure requirements of Fed. R. Civ. P. 26.

24   However, because Defendants MasterCard and Virtuoso were only just served, the parties have

25   not conducted a Rule 26(f) conference.

26          8.        Discovery

27          Because Defendants MasterCard and Virtuoso were only just served with the complaint,

28   the parties have not yet discussed discovery.  However, Plaintiff does not currently anticipate that

**CASE MANAGEMENT STATEMENT;**
**[PROPOSED] ORDER**                                    4                                    Case No.: 3:14-cv-01342-RS

any special exceptions will be required dispensing with the limitations on discovery set forth in Federal Rule of Civil Procedure 26.  Plaintiff anticipates that depositions will be required on both sides.

9.      Class Actions

N/A.

10.     Related Cases

None.

11.     Relief

Damages in an amount to be proven at trial; injunctive relief prohibiting the infringing activities worldwide.

12.     Settlement and ADR

Because Defendants MasterCard and Virtuoso were only just served with the complaint, the parties have not discussed settlement at length.

13.     Consent to Magistrate Judge For All Purposes

_____ YES     __X__ NO

Plaintiff does not consent to have a Magistrate Judge preside over the entire case, including trial.

14.     Other References

Plaintiff does not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues

Because Defendants MasterCard and Virtuoso were only just served with the complaint, the parties have not discussed any narrowing of the issues in this case.  However, Plaintiff does not believe the issues can be narrowed at this early point in the case.

16.     Expedited Trial Procedure

Plaintiff does not believe this case is appropriate for expedited trial procedure.

/ / /

/ / /

1

17.   <u>Scheduling</u>

2   Because Defendants MasterCard and Virtuoso were only just served with the complaint,

3   Plaintiff requests a 60-day continuance of the Case Management Conference.  The parties will

4   submit a joint Case Management Statement as directed by the Court.

5

18.   <u>Trial</u>

6   Plaintiff requests a jury trial, which Plaintiff expects will run approximately five court

7   days.

8

19.   <u>Disclosure of Non-Party Interested Entities or Persons</u>

9   a)   Plaintiff filed a Certification of Interested Entities or Persons pursuant to

10   Civil Local Rule 3-16, stating that the following listed persons, associations of persons,

11   firms, partnerships, corporations (including parent corporations) or other entities (i) have

12   a financial interest in the subject matter in controversy or in a party to the proceeding, or

13   (ii) have a non-financial interest in the subject matter or in a party that could be

14   substantially affected by the outcome of this proceeding:  Junior Lee, author of the

15   copyrighted works at issue in this action.

16   b)   Because Defendants MasterCard and Virtuoso were only just served with

17   the complaint, Defendants have not yet filed a Certification of Interested Entities or

18   Persons pursuant to Civil Local Rule 3-16.

19

20.   <u>Other</u>

20   None.

21

22   Dated:  July 24, 2014               **COBALT LLP**

23

24                                /s/ Vijay K. Toke
                             By:  Vijay K. Toke

25                                Attorneys for Plaintiff
                                 THE WAVE STUDIO, LLC
26

27

28

1

**[PROPOSED] ORDER**

2        Having reviewed the above CASE MANAGEMENT STATEMENT, the Court continues

3    the Case Management Conference until _____, 2014.  The parties are to file a joint

4    Case Management Statement on or before _____, 2014.

5        [In addition, the Court makes the further orders stated below:]

6

7        **IT IS SO ORDERED.**

8

9    Dated: _____        _____

10                                   HONORABLE RICHARD SEEBORG
                                     UNITED STATES DISTRICT COURT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CASE MANAGEMENT STATEMENT;**
**[PROPOSED] ORDER**                                          Case No.: 3:14-cv-01342-RS

Case Name:   *The Wave Studio, LLC v. MasterCard International, Inc., et al.*
Case No. 3:14-cv-01342-RS, U.S.D.C. Northern District, San Francisco

## PROOF OF SERVICE

I, the undersigned, declare as follows:

I am employed in the County of Alameda, California.  I am over the age of 18 years, and not a party to the within action. My business address is: 918 Parker Street, Bldg. A21, Berkeley, CA 94710.  On **July 24, 2014**, I served a copy, with all exhibits, if any, of the following document(s):

**PLAINTIFF'S CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER**

on the interested parties named below, in Case No. 3:14-cv-01342-RS, by following ordinary business practice:

**X**   By placing a true copy thereof enclosed in a sealed envelope, for collection and mailing with the United States Postal Service.  I am readily familiar with my firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service, where it would be deposited for first class delivery, postage fully prepaid, that same day in the ordinary course of business addressed as set forth below:

By personal delivery of a true copy to the person and at the address set forth below:

By Federal Express overnight mail to the person and at the address set forth below:

By transmitting a true copy by email to the person and at the email address set forth below on this date before 5:00 p.m.:

| | |
|---|---|
| **Eric Millner, Esq.** | **MasterCard International, Inc.** |
| **BOURLAND, WALL & WENZEL, P.C.** | **CT Corporation System** |
| **301 Commerce Street, Suite 1500** | **818 West Seventh St., 2nd Floor** |
| **Fort Worth, TX 76102** | **Los Angeles, CA 90017** |

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **July 24, 2014**, at Berkeley, California.

_____
Nikki Abdallah

**CASE MANAGEMENT STATEMENT;**                                    Case No.: 3:14-cv-01342-RS
**[PROPOSED] ORDER**