Lucky Meinz (CA Bar No. 260632)
lmeinz@vedderprice.com
Brittany A. Sachs (CA Bar No. 287651)
bsachs@vedderprice.com
VEDDER PRICE P.C.
275 Battery Street, Suite 2464
San Francisco, CA 94111

Blaine Kimrey (admitted *pro hac vice*)
bkimrey@vedderprice.com
Bryan Clark (admitted *pro hac vice*)
bclark@vedderprice.com
222 North LaSalle Street
Chicago, Illinois 60601
T:  (312) 609 7500
F:  (312) 609 5005

Attorneys for defendants
MASTERCARD INTERNATIONAL, INC. and
VIRTUOSO, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE WAVE STUDIO, LLC, a New York Limited Liability Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MASTERCARD INTERNATIONAL, INC., a Delaware corporation; VIRTUOSO, LTD., a Delaware corporation; and DOES 1-100,<br><br>Defendants. | Case No. 3:14-cv-01342-RS<br><br>Honorable Judge Richard Seeborg<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER OR, ALTERNATIVELY, TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[28 U.S.C. § 1404(a)]<br><br>**Date:  October 2, 2014**<br><br>**Time:  1:30 p.m.**<br><br>**Location:  San Francisco Courthouse, Courtroom 3 - 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102** |

# **TABLE OF CONTENTS**

Page

I. STATEMENT OF ISSUES ........................................................................................... 2

II. STATEMENT OF RELEVANT FACTS ..................................................................... 2

III. LEGAL STANDARD .................................................................................................... 4

IV. ARGUMENT .................................................................................................................. 5

    A.    This case should be transferred to the Southern District of New York because New York has the most significant connections, is the most convenient jurisdiction, and is the most efficient jurisdiction ................................ 5

    B.    Alternatively, this matter should be stayed pending a resolution of the dispute between Wave and GHM in the Southern District of New York ............... 9

V. CONCLUSION ............................................................................................................. 10

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

- i -

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO TRANSFER/STAY; MEM. OF
POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

Page

**Cases**

*A10 Networks, Inc.. v. Brocade Communs., Inc.,*
   2011 U.S. Dist. LEXIS 155697 (C.D. Cal. Nov. 8, 2011) .............................................................. 8

*In re "The Exorcist" Copyright Infringement Litigation,*
   411 F. Supp. 793 (J.P.M.L. 1976) ................................................................................................. 8

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) ..................................................................................................... 4, 5

*Lockyer v. Mirant Corp.*,
   398 F.3d 1098 (9th Cir. 2005) ................................................................................................... 5, 9

*Nelsen Communications, Inc. v. Commtron Corp.*,
   1987 U.S. Dist. LEXIS 8425 (N.D. Ill. Sept. 11, 1987) ................................................................ 8

*Scocca v. Smith*,
   2012 U.S. Dist. LEXIS 18279 (N.D. Cal. Feb. 14, 2012) .............................................................. 5

*Vu v. Ortho-McNeil Pharm., Inc.*,
   602 F. Supp. 2d 1151 (N.D. Cal. 2009) .................................................................................... 4, 5

**Statutes**

28 U.S.C. § 1404(a) ........................................................................................................... 1, 2, 4

**Rules**

Federal Rule of Civil Procedure 19(a)(1)(B) .................................................................................. 8

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

- ii -

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO TRANSFER/STAY; MEM. OF
POINTS AND AUTHORITIES

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

2

3       PLEASE TAKE NOTICE THAT on **October 2, 2014, at 1:30 p.m.**, or as soon thereafter
4 as counsel may be heard, the undersigned counsel of record shall appear before the Honorable
5 Richard Seeborg of the United States District Court for the Northern District of California,
6 located at San Francisco Courthouse, Courtroom 3 - 17th Floor, 450 Golden Gate Avenue, San
7 Francisco, CA 94102, and then and there present defendants MasterCard International Inc. and
8 Virtuoso, Ltd.'s Motion to Transfer or, Alternatively, to Stay pursuant to 28 U.S.C. § 1404(a).
9 The Motion shall be based on the accompanying points and authorities, the Declaration of Daniel
10 F. Benavides, Defendants' Request for Judicial Notice, and such other information in the Court's
11 record and as will be presented orally or in writing to the Court.  The interests of justice and
12 convenience favor transfer to the United States District Court for the Southern District of New
13 York because a case involving identical issues is already being litigated there, the parties have
14 substantial connections to New York, and the parties have no meaningful connections to this
15 district.  This action is a transparent attempt to circumvent the proceedings already underway in
16 the Southern District of New York and should be transferred.  Even if the Court does not transfer
17 this action, it should follow the lead of Judge Cathy Seibel in the Southern District of New York
18 and stay the proceedings pending a resolution of the core contractual issue between The Wave
19 Studio, Ltd. and New York defendant General Hotel Management Ltd.

20 Dated: September 4, 2014                  VEDDER PRICE P.C.

21

22                                           By: */s/ Blaine C. Kimrey*
23                                                Blaine C. Kimrey

24                                    Attorney for defendants MASTERCARD
                                   INTERNATIONAL, INC. and VIRTUOSO,
25                                    LTD.

26

27

28

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO TRANSFER/STAY; MEM. OF
POINTS AND AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Statement of Issues

Pursuant to 28 U.S.C. § 1404(a), defendants MasterCard International, Inc. ("MasterCard") and Virtuoso, Ltd. ("Virtuoso") (collectively, "Defendants") move to transfer this case to the United States District Court for the Southern District of New York.  Alternatively, Defendants ask the Court to stay this action pending resolution of critical issues in the related case pending in the Southern District of New York.

## II.    Statement of Relevant Facts

In this action (the "California Litigation"), plaintiff The Wave Studio, LLC ("Wave") has asserted claims of copyright infringement against Defendants related to the use of certain photos of hotel and resort properties.  (First Amended Complaint ("FAC") ¶ 1) (Docket Entry ("DE") 10).  Specifically, Wave alleges that Defendants have used photos of The Setai Miami, The Chedi Muscat, The Nam Hai, and The Datai Langkawi (the "Hotel Photographs") without permission.  (FAC ¶ 13).  Wave claims that MasterCard has infringed copyright registrations VA 1-432-326, VA 1-432-328, and VA 1-432-331, and that Virtuoso has infringed copyright registrations VA 1-432-325, VA 1-432-328, VA 1-432-331, and VA 1-432-332.  (FAC ¶¶ 27-28).  To establish exactly which photographs are allegedly at issue, Wave attaches alleged screen captures from the MasterCard and Virtuoso websites.  (FAC, at Exhs. 2-3).

But Wave fails to disclose that this case is inextricably intertwined with a case that Wave previously filed in the United States District Court for the Southern District of New York.  On December 31, 2013, Wave filed a complaint for copyright infringement styled *The Wave Studio, LLC v. General Hotel Management Ltd., et al.*, Case No. 7:13-cv-09239 (S.D.N.Y.) (the "New York Litigation").  In that action, Wave has asserted copyright infringement claims against General Hotel Management Ltd. ("GHM") and 58 other defendants.  (*See generally* New York Complaint ("NY Compl.") (New York Litigation DE 1)) (Request for Judicial Notice ("RJN"), submitted herewith, at Exhibit A).  Wave's allegations in that case include claims related to the Hotel Photographs at issue in the California Litigation.  (NY Compl. ¶ 93).  Each of the copyright

registrations put at issue in this case is the subject of an infringement claim in the New York Litigation (NY Compl. ¶¶ 117-198), and at least 11 of the images attached to the First Amended Complaint in the California Litigation are also attached to the Complaint in the New York Litigation. (*See generally* NY Compl. Exh. 1-84). The allegations in the New York Complaint are nearly identical to those in the FAC. (*Compare* NY Compl. ¶¶ 1-5, 8, 93-95, 100-102, 110-117, 199-203 *with* FAC ¶¶ 1-5, 8, 13-15, 16-18, 19-27, 29-33).

The New York Complaint shows that this is not a coincidence. Wave alleges that GHM managed each of the four hotels at issue in this case. (NY Compl. ¶ 9). The issue in the New York Litigation is whether GHM had the right to distribute the Hotel Photographs to third parties. (NY Compl. ¶ 98). According to the New York Complaint, the Hotel Photographs were not disseminated by Wave to anyone other than GHM. (NY Compl. ¶ 99). Thus, according to Wave's own allegations, Defendants could not have come into possession of the Hotel Photographs unless they were provided to Defendants, directly or indirectly, by GHM.

Judge Cathy Seibel in the Southern District of New York entered an order on July 2, 2014, that stayed the New York Litigation as to all defendants other than GHM so that Wave and GHM could litigate the threshold question of whether GHM had the right to distribute the Hotel Photographs. (New York Litigation, unnumbered DE) (RJN, at Exhibit B). Shortly thereafter — on July 11, 2014 — Wave filed the FAC in this action and named Virtuoso as a defendant. Upon learning that Wave had filed this lawsuit, GHM's counsel in the New York Litigation contacted Wave's counsel in both the New York Litigation and this litigation, asking whether Wave would voluntarily agree to stay this case consistent with Judge Seibel's July 2, 2014 ruling. (Declaration of Daniel F. Benavides, submitted herewith). In response, Wave's California counsel asserted that "this is a separate action and there has been no assertion to our knowledge of any relationship between the defendants in that case and those in the action pending in the Southern District of New York." *Id*. GHM's counsel then observed that "[t]he complaints are identical save for the deletion of GHM from the California complaint" and suggested that Wave's California and New York lawyers confer to discuss why the California case should be stayed. *Id*. In response,

Wave's New York counsel said he was "very confused" by GHM's assertion that the cases were related and suggested that "[p]erhaps [GHM] confused this case with another?" *Id*. Wave's New York counsel has taken the position that "the New York and California cases are separate actions filed by different attorneys of record in different jurisdictions against different defendants alleging different causes of action." *id.* — an incredulous position given that the New York Complaint and the FAC are nearly identical but for the admission in New York that GHM is the source of the photographs at issue.[1]

### III.  Legal Standard

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Court has discretion to "adjudicate motions for fairness according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Courts in this district have focused on the following factors to evaluate whether a transfer of venue would be more convenient to the parties and the witnesses and would promote the interests of justice: "(1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009).[2] However, "[w]here a plaintiff does not reside in the forum, the Court may afford plaintiff's choice considerably less weight." *Id.*

---

[1] Wave erroneously asserted in its Case Management Statement under "Related Cases" that there are "[n]one." (DE 16, p. 5).

[2] The Ninth Circuit has similarly held that "the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *GNC Franchising*, 211 F.3d at 498-99.

Alternatively, the Court "has discretion in determining whether a stay is proper in light of proceedings in another case." *Scocca v. Smith*, 2012 U.S. Dist. LEXIS 18279, *1 (N.D. Cal. Feb. 14, 2012). In evaluating the propriety of a stay, the Court must weigh competing interests such as "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

## IV.   Argument

### A.   This case should be transferred to the Southern District of New York because New York has the most significant connections, is the most convenient jurisdiction, and is the most efficient jurisdiction.

Wave is attempting to circumvent the Southern District of New York by filing a second case with virtually identical facts in a court on the other side of the country that has no connection to the parties or the underlying facts. Wave's FAC and the New York Complaint both demonstrate that for the convenience of the parties and in the interests of justice, this matter should be transferred to the Southern District of New York. The factors outlined in *GNC Franchising* and *Vu* can be divided into three categories:

1. State with the most significant connections (the location where the relevant agreements were negotiated and executed, the state most familiar with the governing law, the plaintiff's choice of forum, the respective parties' contacts with the forum, the contacts relating to the plaintiff's cause of action in the chosen forum, and feasibility of consolidation with other claims).

2. Convenience (the ease of access to sources of proof, convenience of the parties, convenience of the witnesses, ease of access to the evidence, and the availability of compulsory process to compel attendance of unwilling non-party witnesses).

3. Efficiency (the differences in the costs of litigation in the two forums and the relative court congestion and time of trial in each forum).

All three categories favor transfer. First, it is clear that New York is the state with the

most significant connections to this litigation:

- Wave is a limited liability company organized under the laws of the State of New York with its principal place of business in White Plains, New York. (FAC ¶ 9; NY Compl. ¶ 8).
- MasterCard is a Delaware corporation with its principal place of business in Purchase, New York. (FAC ¶ 10).
- Although Virtuoso is not a New York resident, it also is not a California resident. (FAC ¶ 11).
- Other than Wave's vague, unsupported assertion that "a substantial part of the events giving rise to the claim occurred in this judicial district," there are no allegations to support any connection to the state of California. (FAC ¶ 8). Wave has not pled that there are contracts between Wave and Defendants that were negotiated and/or executed in California or that there are any contacts between Wave and Defendants relating to this litigation that occurred in California.
- Given the pendency of the New York Litigation (which was filed by Wave before the California Litigation) and the substantial similarity between the claims in the two cases, transfer of this case to New York would facilitate consolidation.

The only apparent reason for this case to proceed in California is that Wave's counsel is in California, but that is not a reason for venue to lie in a jurisdiction that is inconvenient for all parties. Wave has New York counsel fully familiar with the facts and issues in this case — it in fact appears that it was New York counsel's complaint that was copied for this case. Moreover, the plaintiff's choice is afforded minimal weight when the plaintiff does not reside in the chosen forum, *Vu*, 602 F. Supp. 2d at 1156 — particularly where (as here) Defendants are seeking transfer ***to Wave's home forum***. On this basis alone, the Court should transfer the case to the Southern District of New York.[3]

---

[3] The Court need not concern itself with the issue of which state is the most familiar with the applicable law because this case involves federal copyright law, which is regularly addressed by both federal district courts.

Second, for many of the same reasons set forth above, New York is the more convenient jurisdiction. As is clear from the allegations in the FAC and the New York Complaint, the parties are not located in California, the witnesses are not located in California, and the evidence is not located in California. It would be more convenient for both MasterCard and Wave to proceed in New York. MasterCard's main offices are five miles from the courthouse in White Plains, New York, where the New York Litigation is pending. It is odd that after naming 59 defendants in that New York litigation, Wave decided to sue MasterCard in California, where there are no ties to the parties whatsoever.[4] Moreover, to the extent there may be unwilling non-party witnesses (for example, former employees of Wave or MasterCard that still reside in the New York area), the California courts would not have compulsory process to compel their attendance. Accordingly, the convenience factors weigh heavily in favor of transfer.

Third, New York is also the more efficient jurisdiction. Because it was filed several months before the California Litigation (and a full six months before the FAC), the New York Litigation is significantly further along. As reflected on the docket for the New York Litigation, Wave and GHM have already begun discovery and had a settlement conference with a federal magistrate. (New York Litigation, DE 73). Most importantly, Judge Seibel has already recognized that the disputes over the Hotel Photographs are, at their core, a contractual dispute between Wave and GHM, and she has stayed the New York Litigation as to all other defendants. By pursuing Virtuoso and MasterCard in another jurisdiction that is beyond the reach of Judge Seibel's stay, Wave is trying to "divide and conquer," hoping to gather settlement money and information to support its campaign against other defendants for the exact same claims in the Southern District of New York. This does not advance the interests of justice — to the contrary, it creates a risk of inconsistent judgments and increases costs for both the parties and the judiciary

---

[4] As further evidence that Wave simply copied its New York Complaint for filing in this case, the original jurisdictional allegations against MasterCard stated: "Upon information and belief, Defendant MasterCard International, Inc. regularly transacts or solicits business ***in the State of New York*** through, inter alia a website resolving to www.mastercard.com." (DE 1, ¶ 9) (emphasis added). This has since been changed in the FAC to allege that MasterCard operates its website "in this district. (FAC ¶ 10).

by forcing Defendants to litigate claims that would be stayed in the New York Litigation. Courts in copyright litigation have emphasized factors of this nature in granting motions to transfer. *See, e.g., A10 Networks, Inc.. v. Brocade Communs., Inc.,* 2011 U.S. Dist. LEXIS 155697, *13 (C.D. Cal. Nov. 8, 2011) ("The pendency of related actions in the transferee forum is a significant factor in considering the interests of justice factor."); *In re "The Exorcist" Copyright Infringement Litigation,* 411 F. Supp. 793, 794 (J.P.M.L. 1976) (allowing transfer to "prevent duplication of discovery, eliminate the possibility of inconsistent pretrial rulings, and conserve judicial effort" and transferring the matters to the district where the pending action was "considerably more advanced than the others."); *Nelsen Communications, Inc. v. Commtron Corp.*, 1987 U.S. Dist. LEXIS 8425, *3 (N.D. Ill. Sept. 11, 1987) (transferring a copyright infringement action in part because "[t]he pendency of a related action is important because the cost and risk of duplicative litigation of the common issues is high, and the means for eliminating that risk — transfer of a case — is relatively costless, assuming no other special factors are present").

Moreover, because the question of GHM's right to disseminate the photos is a threshold issue in this case just as much as it is in New York, GHM is a necessary party and likely would be added or intervene if the cases were not consolidated. Under Federal Rule of Civil Procedure 19(a)(1)(B), GHM must be joined because GHM "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." A finding of infringement against Virtuoso and/or MasterCard also would likely entail a finding of infringement against GHM. Thus, GHM must be a party to this litigation to protect its interests and avoid the risk of inconsistent obligations. But if GHM were added in this case, Wave and GHM would be litigating the exact same claims in two jurisdictions, which is clearly not efficient.

Finally, although it is true that, on average, cases reach trial approximately 1.5 months

sooner in this Court than in the Southern District of New York,[5] that difference is immaterial because the New York Litigation has been underway for several months, whereas this case is still in its infancy. The most efficient resolution would be for all of these related claims to be tried together, in Wave's home jurisdiction.

### B. Alternatively, this matter should be stayed pending a resolution of the dispute between Wave and GHM in the Southern District of New York.

Alternatively, even if the Court retains jurisdiction, this matter should be stayed. All of the factors for consideration outlined by the Ninth Circuit in *Lockyer* weigh in favor of Defendants. First, the hardship that would be suffered by Defendants if they were forced to move forward here is significant. As noted above, this action will cause Defendants to incur significant defense costs that would not be incurred if the claims against them were properly brought as part of the New York Litigation. Conversely, Wave would suffer no hardship because it would be able to continue pursuing its claims in the New York Litigation.

Staying the California Litigation pending a resolution of GHM's dispute with Wave also would substantially simplify the issues. As noted in the New York Complaint, the Hotel Photographs were not disseminated to anyone other than GHM. (NY Compl. ¶ 99). Thus, just like the 58 other defendants in the New York Litigation, Defendants could not have come into possession of the Hotel Photographs unless they were provided to Defendants, directly or indirectly, by GHM. Judge Seibel has recognized (and Wave has pled) that the issue in the New York Litigation is whether GHM has the right to distribute the Hotel Photographs to third parties. (NY Compl. ¶ 98). That threshold issue would need to be litigated in this case as well, leaving the same legal issue to be addressed in two cases.

If the Court is unwilling to transfer this case, it should at least follow the precedent set by the Southern District of New York. Judge Seibel has stayed the New York Litigation as to all other defendants, pending a resolution of the threshold question of whether GHM had the right to

---

[5] *See* Table T-3. U.S. District Courts – Median Time Intervals from Filing to Trial for Civil Cases in Which Trials Were Completed, by District, During the 12-Month Period Ending September 30, 2013., available at http://www.uscourts.gov/Statistics/JudicialBusiness/2013/statistical-tables-us-district-courts-trials.aspx. (RJN, at Exhibit C).

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

- 9 -

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO TRANSFER/STAY; MEM. OF
POINTS AND AUTHORITIES

1  distribute the Hotel Photographs.  Wave should not be able to circumvent this stay by pursuing
2  the same claims here (it is noteworthy that the FAC was filed in the California Litigation just nine
3  days after Judge Seibel's Order).  Accordingly, this action should be stayed if it is not transferred.

**V.    Conclusion**

For the foregoing reasons, Defendants respectfully request that this case be transferred to the Southern District of New York.  Alternatively, Defendants request that the case be stayed pending a resolution of the threshold dispute between Wave and GHM in the New York Litigation.

Dated: September 4, 2014                    VEDDER PRICE P.C.


By: */s/ Blaine C. Kimrey*
      Blaine Kimrey

Attorney for defendants MASTERCARD INTERNATIONAL, INC. and VIRTUOSO, LTD.

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

- 10 -    DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER/STAY; MEM. OF POINTS AND AUTHORITIES