| | |
|---|---|
| 1 | NATE A. GARHART (S.B. # 196872) |
| | (nate@cobaltlaw.com) |
| 2 | VIJAY K. TOKE (S.B. # 215079) |
| | (vijay@cobaltlaw.com) |
| 3 | AMANDA R. CONLEY (S.B. #281270) |
| | (amanda@cobaltlaw.com) |
| 4 | |
| | COBALT LLP |
| 5 | 918 Parker St., Bldg. A21 |
| | Berkeley, California 94710 |
| 6 | Telephone: (510) 841-9800 |
| | Facsimile: (510) 295-2401 |
| 7 | |
| | Attorneys for Plaintiff |
| 8 | THE WAVE STUDIO, LLC |

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE WAVE STUDIO, LLC, a New York Limited Liability Corporation, | Case No. 3:14-cv-01342-RS |
| Plaintiff, | **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| v. | Date: October 23, 2014 |
| MASTERCARD INTERNATIONAL, INC., a Delaware corporation; VIRTUOSO, LTD., a Delaware corporation; VISA INC., a California corporation, and DOES 1-100, | Time: 1:30 pm |
| | Courtroom: Courtroom 3, 17th Floor |
| | Judge: Hon. Richard Seeborg |
| Defendants. | |

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

PLEASE TAKE NOTICE that on October 23, 2014, at 1:30pm, or as soon thereafter as the matter can be heard, in the courtroom of the Honorable Richard Seeborg located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff The Wave Studio, LLC ("Wave Studio") will, and hereby does, move for an order granting Wave Studio leave to file its Second Amended Complaint ("SAC") and ordering that the SAC submitted with this motion be deemed filed.

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, Wave Studio's SAC, and the [Proposed] Order filed herewith, on all of the files and records of this action, and on any additional material that may be elicited at the hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Through this motion, Wave Studio seeks leave to amend the First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 15(a) in order to add Visa, Inc. ("Visa") as a defendant. Wave Studio's SAC, attached hereto as **Exhibit A**, adds Visa as a Defendant and adds factual allegations related to Visa's infringement of several of the copyrighted photographs at issue in this litigation, as well as additional copyrighted photographs owned by Plaintiff. The addition of Defendant Visa and the related factual allegations are based on new information Wave Studio has learned since the filing of its FAC. Wave Studio's SAC is timely, does not cause any prejudice to Defendants Virtuoso and MasterCard International, Inc. ("MasterCard"), and should be permitted.

### II.   STATEMENT OF FACTS

Wave Studio filed this lawsuit on March 24, 2014. On July 11, 2014, before any Defendant appeared in this action, Wave Studio amended the complaint to add Virtuoso as a Defendant. Neither Defendant Virtuoso nor Defendant MasterCard has answered the FAC. Since filing the FAC, Wave Studio has discovered additional information necessitating the filing of this SAC. Specifically, as alleged in the proposed SAC, Visa has infringed many of the same copyrighted photographs Plaintiff alleges were infringed by Defendants Virtuoso and MasterCard. The SAC also alleges that Visa infringed certain unpublished photographs that it received directly from Plaintiff Wave Studio, but which Wave Studio did not authorize Visa to reproduce, display, or distribute. Wave Studio now seeks an order permitting it to file the proposed SAC.

III.   ARGUMENT

### A.  Leave Should Be Granted To Amend The First Amended Complaint

#### I.   Such Leave Is Freely Granted.

Federal Rule of Civil Procedure 15(a) provides that "The court should freely give leave [to amend a pleading] when justice so requires." The United States Supreme Court, the Ninth Circuit, and courts in this District have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); *see, e.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given); *Cooper Development Co. v. Employers Insurance of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (courts have been "quite liberal" in granting leave to amend); *Building Service Employees Pension Trust v. Horsemen's Quarter Horse Racing Association*, 98 F.R.D. 458, 459 (N.D. Cal. 1983) (same); *see also* Moore, 3-15 *Moore's Federal Practice - Civil* §15.14 ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a).").

#### II.   The Allowance of Leave In This Case Clearly Satisfies the Standard.

Wave Studio easily satisfies the liberal standard for freely allowing the amendment of pleadings. In the Ninth Circuit, "[c]ourts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.' " *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir.2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). None of these factors are present here.

Allowing Wave Studio to amend its FAC at this early stage of the litigation will not prejudice Defendants. Neither Defendant has answered Plaintiff's Complaint or its FAC, and the Court has not yet held the Case Management Conference.  No scheduling order has been issued as of yet in this case.  Likewise, discovery has not yet opened; indeed, the parties have yet to hold

n/a

III.   ARGUMENT

### A.  Leave Should Be Granted To Amend The First Amended Complaint

#### I.   Such Leave Is Freely Granted.

Federal Rule of Civil Procedure 15(a) provides that "The court should freely give leave [to amend a pleading] when justice so requires." The United States Supreme Court, the Ninth Circuit, and courts in this District have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); *see, e.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given); *Cooper Development Co. v. Employers Insurance of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (courts have been "quite liberal" in granting leave to amend); *Building Service Employees Pension Trust v. Horsemen's Quarter Horse Racing Association*, 98 F.R.D. 458, 459 (N.D. Cal. 1983) (same); *see also* Moore, 3-15 *Moore's Federal Practice - Civil* §15.14 ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a).").

#### II.   The Allowance of Leave In This Case Clearly Satisfies the Standard.

Wave Studio easily satisfies the liberal standard for freely allowing the amendment of pleadings. In the Ninth Circuit, "[c]ourts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.' " *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir.2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). None of these factors are present here.

Allowing Wave Studio to amend its FAC at this early stage of the litigation will not prejudice Defendants. Neither Defendant has answered Plaintiff's Complaint or its FAC, and the Court has not yet held the Case Management Conference.  No scheduling order has been issued as of yet in this case.  Likewise, discovery has not yet opened; indeed, the parties have yet to hold

their Rule 26(f) conference. Defendants will not be prejudiced by an order granting leave to file Wave Studio's SAC so early in the litigation. *Compare PNY Techs., Inc. v. Sandisk Corp.*, 2014 U.S. Dist. LEXIS 9858 (N.D. Cal. Jan. 27, 2014) (finding no undue delay or prejudice and granting leave to amend complaint after discovery had begun and some depositions had been taken).

Moreover, Wave Studio's SAC is offered in good faith and without delay. Since filing its original Complaint and FAC, Wave Studio has discovered new information regarding Visa's infringement of many of the copyrighted works at issue in this litigation. Courts in this District routinely grant motions for leave to add copyright defendants and related allegations. *See, e.g.*, *Cards Against Humanity, LLC v. Loftek Technological Co., LLC*, 13-CV-0727 YGR, 2014 WL 120976 (N.D. Cal. Jan. 13, 2014) (granting leave to amend complaint to add additional copyright defendant several months after the parties filed initial disclosures).

Wave Studio's SAC is offered in a timely manner and does not prejudice Defendants Virtuoso and MasterCard. None of the factors on which courts base denial of motions for leave to amend are present here. Accordingly, Wave Studio's motion for leave should be granted.

## IV.  CONCLUSION

For the reasons discussed above, Plaintiff Wave Studio respectfully seeks leave of this Court to file the proposed SAC.

Dated:  September 18, 2014

                                    Respectfully submitted,

                                    COBALT LLP


By: /s/Nate A. Garhart/
    Nate A. Garhart
    Vijay K. Toke
    Amanda R. Conley

Attorneys for Plaintiff
The Wave Studio, LLC