Lucky Meinz (CA Bar No. 260632)
lmeinz@vedderprice.com
Brittany A. Sachs (CA Bar No. 287651)
bsachs@vedderprice.com
VEDDER PRICE (CA) LLP
275 Battery Street, Suite 2464
San Francisco, CA 94111

Blaine Kimrey (admitted *pro hac vice*)
bkimrey@vedderprice.com
Bryan Clark (admitted *pro hac vice*)
bclark@vedderprice.com
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  (312) 609 7500
F:  (312) 609 5005

Attorneys for defendants
MASTERCARD INTERNATIONAL, INC. and
VIRTUOSO, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE WAVE STUDIO, LLC, a New York Limited Liability Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MASTERCARD INTERNATIONAL, INC., a Delaware corporation; VIRTUOSO, LTD., a Delaware corporation; and DOES 1-100,<br><br>Defendants. | Case No. 3:14-cv-01342-RS<br><br>Honorable Judge Richard Seeborg<br><br>**CASE MANAGEMENT STATEMENT**<br><br>Date:  September 25, 2014<br><br>Time:  10:00 a.m.<br><br>Location:  San Francisco Courthouse, Courtroom 3 - 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 |

Defendants MasterCard International, Inc. and Virtuoso, Ltd. ("Defendants") submit this Case Management Statement ("CMS") pursuant to Federal Rule of Civil Procedure 26(f)(2), Civil L. R. 16-9 and this Court's Standing Order for All Judges of the Northern District of California

dated July 1, 2011:[1]

1. Jurisdiction & Service

Wave contends that this Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and the Copyright Act of 1976, as amended (17 U.S.C. § 101, *et seq*.), in that this case arises under the copyright laws of the United States. The named defendants have been served and appeared in this case. Defendants do not at this time challenge the Court's subject matter or personal jurisdiction, but they have filed a motion to transfer this case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404 because a substantially similar case is pending in that district, the outcome of which will affect how this case proceeds.

Wave contends that it does not know the identities of all possible defendants and anticipates naming and serving additional parties as facts learned in discovery reveal the identity of these additional parties or reasons to add another party (whether currently known or unknown) into the litigation. Defendants assert that the defendants already named in the Southern District of New York case could fill the Doe positions in this case if this case were allowed to proceed in California, which it should not be.

2. Facts

**A. Wave's allegations.**

Wave alleges that Defendants have infringed its copyrights in certain photos of four hotels: The Setai Miami, The Chedi Muscat, The Nam Hai Hoi An and The Datai Langkawi (the "Copyrighted Works"). Specifically, Wave alleges that MasterCard has, without consent or authorization, reproduced, displayed and/or distributed Wave's Copyrighted Works. Similarly, Wave alleges that Virtuoso, without consent or authorization, has reproduced, displayed, and/or

---

[1] Defendants' file this CMS unilaterally because they were unable, despite reasonable efforts, to obtain the cooperation of Wave in the preparation of a reasonable, timely joint statement. As set forth in the accompanying Declaration of Blaine C. Kimrey, Wave insisted (at the 11th hour) on including significant changes to the CMS related to a motion to amend that was not filed until late in the evening on September 18, 2014. Given the significant differences of opinion between the parties on the appropriate language of the CMS, there was not adequate time to reach an agreement on the CMS and still achieve a timely filing consistent with the Court's Order.

distributed Wave's Copyrighted Works. Wave alleges that Virtuoso has also distributed copies of the Copyrighted Works to its partners, affiliates, clients, and other third parties, including but not limited to MasterCard, for use on their own websites. Wave contends that Defendants' acts constitute willful infringement of Wave's copyright rights in the Copyrighted Works.

### B. Defendants' response.

Defendants' investigation of Wave's allegations is ongoing. Defendants anticipate asserting various factual defenses, including, but not limited to: (1) some or all of the images that Wave alleges have been infringed were not registered with the U.S. Copyright Office, (2) Defendants and/or their business associates had an express and/or implied license to use the Copyrighted Works, (3) to the extent there was any infringement, that infringement is traceable to the actions or omissions of third parties, (4) to the extent there was any infringement, that infringement was not willful, (5) to the extent there was any infringement, it occurred more than three years ago, (6) some or all of the allegedly infringing images never resided on Defendants' servers, and (7) these claims were already resolved in a settlement between Wave and General Hotel Management.

3. <u>Legal Issues</u>

    a) Whether venue is appropriate in this district;

    b) Whether this matter should be stayed pending a resolution of the related action pending in the Southern District of New York;

    c) Whether all necessary parties have been joined in this action;

    d) Whether Wave is the owner or has protectable copyright rights in the Copyrighted Works;

    e) Whether MasterCard is directly liable for infringement of Wave's rights to the Copyrighted Works;

    f) Whether Virtuoso is directly and/or contributorily liable for infringement of Wave's rights to the Copyrighted Works;

    g) Whether Defendants and/or their business associates had an express and/or implied license to use the Copyrighted Works;

h) Whether Wave's claims for infringement are barred by the server rule;

i) Whether Wave's claims for infringement are barred by the applicable statute of limitations;

j) Whether Wave's claims for infringement are barred by the doctrines of laches, waiver, and/or accord and satisfaction;

k) Whether Wave is entitled to damages for any alleged infringement and, if so, for what amount;

l) Whether Wave is entitled to injunctive relief for alleged infringement and, if so, in what form;

m) Whether any party is entitled to recovery of its reasonable costs and attorney's fees under the Copyright Act;

n) If Wave is entitled to recover statutory damages for the alleged infringements, the amount of such statutory damages.

4. <u>Motions</u>

On September 4, 2014, Defendants filed a motion to transfer or, alternatively, to stay the case, based on the substantially similar case in the Southern District of New York. That matter currently is set for hearing on October 2, 2014 at 1:30 p.m.[2] In the interests of efficiency, Defendants suggest that the Court move the case management conference to October 2, 2014 at 1:30 p.m. so that the Court can address both the motion and case management issues at the same time.

On September 18, 2014, Wave filed a motion for leave to file a second amended complaint. That matter currently is set for hearing on October 23, 2014 at 1:30 p.m.

5. <u>Amendment of Pleadings</u>

Wave believes that Virtuoso has unlawfully distributed the Copyrighted Works to other

---

[2] Defendants understand that this date is not 35 days from the filing of the motion pursuant to Civ. L.R. 7-2. Given the September 25, 2014 Case Management Conference, Defendants suggest that this date makes sense as an efficient compromise between the two dates because it is the first available hearing date after the motion will be fully briefed. If, however, the Court would prefer to take up these matters on October 9, 2014 at 1:30 p.m., Defendants are agreeable to that as well.

third parties whose identities are not yet known. Wave intends to amend the complaint to add such third parties as defendants once their identities are learned through further investigation and/or discovery (Wave filed a motion for leave to file a second amended complaint on the evening of September 18, 2014). Defendants note that amendment may be needed if their motion to transfer is denied because, for instance, if that occurs, the lead defendant in the Southern District of New York, General Hotel Management, likely will intervene or be added as a party.

6. Evidence Preservation

Defendants have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and intend to comply with their duties to preserve evidence, and such evidence is being preserved.

7. Disclosures

Defendants intend to comply with the initial disclosure requirements of Fed. R. Civ. P. 26. But the parties have not yet conducted a Rule 26(f) conference because the Court's ruling on the motion to transfer or, alternatively, to stay will materially impact when and how discovery should proceed. Specifically, Defendants anticipate that if this case is transferred to the Southern District of New York, it will be subject to the same stay entered by Judge Seibel in *The Wave Studio, LLC v. General Hotel Management Ltd., et al.*, Case No. 7:13-cv-09239 (S.D.N.Y.). If this case is stayed, it will not be necessary to proceed with initial disclosures until the stay is lifted.

8. Discovery

If discovery proceeds, Defendants do not anticipate that any special exceptions will be required dispensing with the limitations on discovery set forth in Federal Rule of Civil Procedure 26. Defendants anticipate that depositions will be required on both sides. If this case is stayed, discovery obviously will not proceed until the stay is lifted. If the case is transferred to the Southern District of New York, Defendants anticipate that it will be subject to the same stay entered by Judge Seibel in *The Wave Studio, LLC v. General Hotel Management Ltd., et al.*, Case No. 7:13-cv-09239 (S.D.N.Y.).[3]

---

[3] Defendants also note that transfer to the Southern District of New York would maximize the possibility for efficient discovery. If Defendants were parties to the New York litigation, they

9. <u>Class Actions</u>

N/A

10. <u>Related Cases</u>

In its previous Case Management Statement, Wave asserted that there are no related cases. As set forth in Defendants' motion to transfer or, alternatively, to stay, this case is related to *The Wave Studio, LLC v. General Hotel Management Ltd., et al.*, Case No. 7:13-cv-09239 (S.D.N.Y.).

11. <u>Relief</u>

Wave seeks damages in an amount to be proven at trial and injunctive relief prohibiting the infringing activities worldwide. Defendants deny that Wave is entitled to any such relief.

12. <u>Settlement and ADR</u>

Defendants contend that because the related claims pending in the Southern District of New York mandate a global resolution of all claims of infringement related to the Copyrighted Works, settlement in this matter is unlikely. In fact, there has already been a settlement conference in the Southern District of New York before Magistrate Judge Paul Davison. Although that conference did not result in a global resolution, Defendants suggest that it makes more sense for the settlement discussions to continue in that forum.

13. <u>Consent to Magistrate Judge For All Purposes</u>

Wave indicated in a previous case management statement that it does not consent to have a Magistrate Judge preside over the entire case, including trial.

14. <u>Other References</u>

Defendants do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

Based on a prior case management statement, Wave does not believe the issues can be narrowed at this early point in the case. Defendants contend that if this matter is not transferred would be privy to all discovery in that case as a matter of right. If discovery proceeds here, it will be much more difficult for Defendants to obtain the relevant discovery materials from the New York case.

1  or stayed, the proceeding should be narrowed to focus on the core issue of whether General Hotel
2  Management had the right to use and distribute the Copyrighted Works.

3      16.    <u>Expedited Trial Procedure</u>

4  Defendants do not believe this case is appropriate for expedited trial procedure.

5      17.    <u>Scheduling</u>

6  Given the pending motion to transfer or, alternatively, to stay, Defendants suggest that the
7  Court refrain from entering a scheduling order until a ruling on the motion has been made.

8      18.    <u>Trial</u>

9  Wave has requested a jury trial, which it believes will last five days. Defendants believe
10 that Wave has failed to account for all of the issues related to the Southern District of New York
11 case and the trial actually would run 3-4 weeks.

12     19.    <u>Disclosure of Non-Party Interested Entities or Persons</u>

13     a) Wave filed a Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16, stating that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding: Junior Lee, author of the copyrighted works at issue in this action.

20     b) Virtuoso filed a Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16, stating that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding: About, Inc., Alliance Reservations Network, American Airlines, Inc., Andrew Harper, Bookit.com Inc., Budgetworks, Inc., Carlson Wagonlit, Cedora, Inc., Chedi Muscat, Delta Airlines, Datai Langkawi, Escala Vacations, Esslinger Wooten Maxwell, Inc., Esteban Oliverez, Expedia,

Inc., Farebuzz, Fareportal Inc., Frommer Media, Frosh International Travel, Inc., General Hotel Management, Inc., Getaroom.com, Gogobot, Inc., Hipmunk, Inc., Hotelguides.com, Inc., Hotelsbyme.com, Hotels.com GP LLC, Hotelstravel.com, IBT Media Inc., ICE Portal, Jetblue Airways Corporation, Joe Mazzarella, Kayak Software Corporation, Lexyl Travel Technologies, Lonely Planet Global, Inc., Luxemont, Luxe Travel, LLC, Luxury Travel Media, Market ES, Inc., Metro Travel Guide, Mobissimo Inc., Mysobe.com, Nam Hai, Nextag, Inc., Orbitz Worldwide LLC. Pegasus Solutions Inc., Qantas Airways Limited, Questex Media LLC, Quintessentially, Random House, Reservation Counter, Room77, Setai Owners LLC, Signature Travel Network, Spa Finder, Inc., Tablet Inc., The Leading Hotels of the World, The Setai, This Exit LLC, Travelocity.com LP, Tripadvisor.com LLC, United Airlines, Inc., Vacations by Tzell, VFM Leonardo, Inc., WK Travel Inc., and any additional or future defendants in *The Wave Studio, LLC v. General Hotel Management Ltd.*, *et al*., Case No. 7:13-cv-09239-CS (S.D.N.Y.).

c) MasterCard filed a Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16, stating that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding: MasterCard Incorporated, About, Inc., Alliance Reservations Network, American Airlines, Inc., Andrew Harper, Bookit.com Inc., Budgetworks, Inc., Carlson Wagonlit, Cedora, Inc., Chedi Muscat, Delta Airlines, Datai Langkawi, Escala Vacations, Esslinger Wooten Maxwell, Inc., Esteban Oliverez, Expedia, Inc., Farebuzz, Fareportal Inc., Frommer Media, Frosh International Travel, Inc., General Hotel Management, Inc., Getaroom.com, Gogobot, Inc., Hipmunk, Inc., Hotelguides.com, Inc., Hotelsbyme.com, Hotels.com GP LLC, Hotelstravel.com, IBT Media Inc., ICE Portal, Jetblue Airways Corporation, Joe Mazzarella, Kayak Software Corporation, Lexyl Travel Technologies, Lonely Planet Global, Inc., Luxemont, Luxe Travel, LLC, Luxury Travel Media, Market ES, Inc., Metro Travel Guide,

Mobissimo Inc., Mysobe.com, Nam Hai, Nextag, Inc., Orbitz Worldwide LLC. Pegasus Solutions Inc., Qantas Airways Limited, Questex Media LLC, Quintessentially, Random House, Reservation Counter, Room77, Setai Owners LLC, Signature Travel Network, Spa Finder, Inc., Tablet Inc., The Leading Hotels of the World, The Setai, This Exit LLC, Travelocity.com LP, Tripadvisor.com LLC, United Airlines, Inc., Vacations by Tzell, VFM Leonardo, Inc., WK Travel Inc., and any additional or future defendants in *The Wave Studio, LLC v. General Hotel Management Ltd.*, *et al.*, Case No. 7:13-cv-09239-CS (S.D.N.Y.).

20. Professional Conduct

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

None.

Dated: September 18, 2014    VEDDER PRICE P.C.


By: */s/ Blaine C. Kimrey*
     Blaine C. Kimrey

Attorney for defendants MASTERCARD INTERNATIONAL, INC. and VIRTUOSO, LTD.