Lucky Meinz (CA Bar No. 260632)
lmeinz@vedderprice.com
Brittany A. Sachs (CA Bar No. 287651)
bsachs@vedderprice.com
VEDDER PRICE (CA) LLP
275 Battery Street, Suite 2464
San Francisco, CA 94111

Blaine Kimrey (admitted *pro hac vice*)
bkimrey@vedderprice.com
Bryan Clark (admitted pro hac vice)
bclark@vedderprice.com
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  (312) 609 7500
F:  (312) 609 5005

Attorneys for defendants
MASTERCARD INTERNATIONAL, INC. and
VIRTUOSO, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE WAVE STUDIO, LLC, a New York Limited Liability Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MASTERCARD INTERNATIONAL, INC., a Delaware corporation; VIRTUOSO, LTD., a Delaware corporation; and DOES 1-100,<br><br>Defendants. | Case No. 3:14-cv-01342-RS<br><br>Honorable Judge Richard Seeborg<br><br>**DECLARATION OF BLAINE C. KIMREY** |

I, Blaine C. Kimrey, declare under penalty of perjury as follows:

1. I am an attorney with the law firm of Vedder Price P.C., and I represent defendants Virtuoso, Ltd. and MasterCard International, Inc. ("Defendants") in the above-referenced matter.

2. I am over the age of 21, I am competent to make this Declaration, and the facts set forth in this Declaration are based on my personal knowledge.

3. This declaration is made pursuant to Civ. L.R. 16-9(a) to set forth the basis for Defendants' filing of a unilateral case management statement.

4. Having heard nothing from plaintiff The Wave Studio, LLC ("Wave"), regarding the Court's case management statement requirements, Defendants emailed a draft case management statement to Wave on Thursday, September 17, 2014 at 10:59 a.m. Pacific.

5. Defendants did not receive any communications related to the draft case management statement until 24 hours later, when counsel for Wave requested a Word copy of the document to make revisions and comments at 10:42 a.m. Pacific time on Thursday, September 18, 2014. Defendants' counsel provided that Word copy approximately 30 minutes later, at 11:16 a.m. Pacific time.

6. Defendants did not hear from opposing counsel again until 5:28 p.m. Pacific time. In its email and redline, Wave revealed for the first time that intended to seek leave to file a second amended complaint, adding Visa, Inc. as a defendant.

7. Unwilling to include reference in the case management statement to an unfiled motion that they had not seen, Defendants responded to Wave at 6:33 p.m. Pacific, noting the various problems with Wave's draft of the case management statement and the fact that a new filing was being introduced just hours before the deadline for filing the case management statement.

1  8. Defendants' 6:33 p.m. communication also warned that, given the late hour and the uncertainty surrounding the filing of the motion to amend, Defendants were prepared to file a unilateral case management report pursuant to Civ. L.R. 16-9(a).

9. At 7:41 p.m. Pacific, Wave finally filed its motion for leave to file a second amended complaint. Wave gave no justification for the filing, other than an amorphous reference to alleged new information. Wave also did not say precisely when or how it discovered that information.

10. Counsel for the parties engaged in further email correspondence. Because it was obvious that reaching resolution by the 12 a.m. Pacific deadline would be impossible, Defendants chose to unilaterally file a proposed case management statement.

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

Dated: September 18, 2014         By: */s/ Blaine C. Kimrey*
                                           Blaine C. Kimrey