NATE A. GARHART (S.B. # 196872)
(nate@cobaltlaw.com)
VIJAY K. TOKE (S.B. # 215079)
(vijay@cobaltlaw.com)
AMANDA R. CONLEY (S.B. #281270)
(amanda@cobaltlaw.com)

COBALT LLP
918 Parker St., Bldg. A21
Berkeley, California 94710
Telephone: (510) 841-9800
Facsimile: (510) 295-2401

Attorneys for Plaintiff
THE WAVE STUDIO, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE WAVE STUDIO, LLC, a New York Limited Liability Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MASTERCARD INTERNATIONAL, INC., a Delaware corporation; VIRTUOSO, LTD., a Delaware corporation; and DOES 1-100,<br><br>Defendants. | Case No. 3:14-cv-01342-RS<br><br>Honorable Judge Richard Seeborg<br><br>**PLAINTIFF'S CASE MANAGEMENT STATEMENT**<br><br>**Date:** September 25, 2014<br><br>**Time:** 10:00 a.m.<br><br>**Location: San Francisco Courthouse, Courtroom 3 - 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102** |

Plaintiff The Wave Studio, LLC ("Wave") submits this Case Management Statement ("CMS") pursuant to Federal Rule of Civil Procedure 26 (f)(2), Civil L. R. 16-9(a) and this Court's Standing Order for All Judges of the Northern District of California dated July 1, 2011. As noted in Defendants' Case Management Statement of equal date, while the parties attempted to draft a joint statement, such efforts did not succeed, and counsel for Defendants notified counsel for Plaintiff on September 18, 2014 at 7:24 p.m. PDT that it would file its "proposed

CMS" without accepting additional input from Plaintiff's counsel. As such, Plaintiff submits this CMS.

1. Jurisdiction & Service

Wave contends that this Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and the Copyright Act of 1976, as amended (17 U.S.C. § 101, *et seq*.), in that this case arises under the copyright laws of the United States. The named defendants have been served and appeared in this case. Defendants have not to date challenged the Court's subject matter or personal jurisdiction, but they have filed a motion to transfer this case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404 claiming that a substantially similar case is pending in that district, the outcome of which will affect how this case proceeds.

Wave contends that it does not know the identities of all possible defendants and anticipates naming and serving additional parties as facts learned in discovery reveal the identity of these additional parties or reasons to add another party (whether currently known or unknown) into the litigation.

2. Facts

Wave alleges that Defendants have infringed its copyrights in certain photos of four hotels: The Setai Miami, The Chedi Muscat, The Nam Hai Hoi An and The Datai Langkawi (the "Copyrighted Works"). Specifically, Wave alleges that MasterCard has, without consent or authorization, reproduced, displayed and/or distributed Wave's Copyrighted Works. Similarly, Wave alleges that Virtuoso, without consent or authorization, has reproduced, displayed, and/or distributed Wave's Copyrighted Works. Wave alleges that Virtuoso has also distributed copies of the Copyrighted Works to its partners, affiliates, clients, and other third parties, including but not limited to MasterCard, for use on their own websites. Wave contends that Defendants' acts constitute willful infringement of Wave's copyright rights in the Copyrighted Works.

Wave has also moved for leave to amend to file a Second Amended Complaint ("SAC"). Wave's proposed SAC adds Visa Inc. ("Visa") as a defendant and alleges that Visa has infringed its copyrights in many of the photographs already at issue in this litigation, as well as photographs

of two additional properties.

    3.    <u>Legal Issues</u>

    a) Whether all necessary parties have been joined in this action;

    b) Whether MasterCard is directly liable for infringement of Wave's rights to the Copyrighted Works;

    c) Whether Virtuoso is directly and/or contributorily liable for infringement of Wave's rights to the Copyrighted Works;

    d) Whether Visa is directly and/or contributorily liable for infringement of Wave's rights to the Copyrighted Works;

    e) Whether Wave is entitled to damages for any alleged infringement and, if so, for what amount;

    f) Whether Wave is entitled to injunctive relief for alleged infringement and, if so, in what form;

    g) Whether Wave is entitled to recovery of its reasonable costs and attorney's fees under the Copyright Act;

    h) If Wave is entitled to and opts to recover statutory damages for the alleged infringements, the amount of such statutory damages.

PLAINTIFF'S CASE MANAGEMENT STATEMENT

4.     Motions

On September 4, 2014, Defendants filed a motion to transfer or, alternatively, to stay the case, based on the substantially similar case in the Southern District of New York. That matter currently is set for hearing on October 2, 2014 at 1:30 p.m. In the interests of efficiency, Plaintiff requests that the Court hold the case management conference at the same time it hears Defendants' motion for transfer. The parties, however, disagree as to when such hearing should take place. Defendants suggest that the Court hold the hearing on October 2, 2014 at 1:30 p.m., the date of the current Case Management Conference. Plaintiff submits that hearing Defendants' motion to transfer on October 2 violates Civil Local Rule 7-2, which provides that all motions must be "noticed . . . for hearing not less than 35 days after filing of the motion." The first date that Defendants' motion to transfer can be heard under Civil Local Rule 7-2 is therefore October 9, 2014, 35 days after Defendants filed their motion. Plaintiff respectfully requests that in order to comply with Civil Local Rule 7-2, the Court hold the hearing on Defendants' motion to transfer on October 9, 2014, or a date thereafter most convenient for the Court, and to hold the Case Management Conference on that same date. Alternatively, Plaintiff would propose that the Court hear Defendants' motion to transfer, Plaintiff's motion for leave to amend the complaint, and the Case Management Conference on October 23, 2014 or a date thereafter most convenient for the Court.

5.     Amendment of Pleadings

Wave believes that other third parties whose identities are not yet known are also liable for infringement of the Copyrighted Works. Wave also believes that Virtuoso has unlawfully distributed the Copyrighted Works to other third parties whose identities are not yet known. Plaintiff believes that Visa, whom Plaintiff is currently seeking leave to add as a defendant, may have done the same. Wave intends to amend the complaint to add such third parties as defendants once their identities are learned through further investigation and/or discovery.

Wave filed a motion for leave to amend the First Amended Complaint on September 18, 2014. Wave noticed this motion for hearing on October 23, 2014.

1  6. Evidence Preservation

2  Plaintiff has reviewed the Guidelines Relating to the Discovery of Electronically
3  Stored Information and intends to comply with their duties to preserve evidence, and such
4  evidence is being preserved.

5  7. Disclosures

6  Plaintiff intends to comply with the initial disclosure requirements of Fed. R. Civ.
7  P. 26. The parties have not yet conducted a Rule 26(f) conference. Plaintiff believes the Rule
8  26(f) conference should be held imminently in order to move this litigation forward. Defendants
9  contend that the Rule 26(f) conference should not be conducted until the Court has ruled on their
10 motion to transfer or, alternatively, to stay because this ruling will materially impact when and
11 how discovery should proceed. Defendants submit that if this case is stayed, it will not be
12 necessary to proceed with initial disclosures until the stay is lifted. Plaintiff disagrees and would
13 like to move forward with this litigation.

14 8. Discovery

15 The parties have not taken any discovery to date. If discovery proceeds, the parties
16 do not anticipate that any special exceptions will be required dispensing with the limitations on
17 discovery set forth in Federal Rule of Civil Procedure 26. Plaintiff anticipates that depositions
18 will be required on both sides.

19 9. Class Actions

20 N/A

21 10. Related Cases

22 In its previous Case Management Statement, Wave asserted that there are no
23 related cases. Defendants contend that this case is related to *The Wave Studio, LLC v. General
24 Hotel Management Ltd., et al.*, Case No. 7:13-cv-09239 (S.D.N.Y.). Plaintiff has no evidence
25 connecting the two actions. Moreover, the potential addition of Visa as a defendant underscores
26 the lack of relatedness between the actions.

27 11. Relief

28 Wave seeks damages in an amount to be proven at trial and injunctive relief

1  prohibiting the infringing activities worldwide. Defendants deny that Wave is entitled to any
2  such relief.

      12.     Settlement and ADR

Defendants contend that because the related claims pending in the Southern District of New York mandate a global resolution of all claims of infringement related to the Copyrighted Works, settlement in this matter is unlikely. Plaintiff disagrees. Plaintiff is not aware of any evidence linking the New York action with this action. Moreover, with the pending addition of Visa, which infringed unpublished works that could not be part of the New York litigation, Plaintiff contends that the Defendants in this action are not appropriately a part of any global settlement in the New York action.

      13.     Consent to Magistrate Judge For All Purposes

Plaintiff does not consent to have a Magistrate Judge preside over the entire case, including trial.

      14.     Other References

Plaintiff does not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

      15.     Narrowing of Issues

Plaintiff does not believe the issues can or should be narrowed at this early point in the case. Defendants contend that if this matter is not transferred or stayed, the proceeding should be narrowed to focus on the core issue of whether General Hotel Management had the right to use and distribute the Copyrighted Works.

      16.     Expedited Trial Procedure

Plaintiff does not believe this case is appropriate for expedited trial procedure.

      17.     Scheduling

Given Defendants' pending motion to transfer or, alternatively, to stay, and Plaintiff's pending motion for leave to amend the First Amended Complaint, the parties suggest that the Court refrain from entering a scheduling order until ruling on both motions.

      18.     Trial

1  Wave requests a jury trial, which it believes will last five days.

2  19. Disclosure of Non-Party Interested Entities or Persons

a) Wave filed a Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16, stating that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding: Junior Lee, author of the copyrighted works at issue in this action.

b) Virtuoso filed a Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16, stating that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding:  About, Inc., Alliance Reservations Network, American Airlines, Inc., Andrew Harper, Bookit.com Inc., Budgetworks, Inc., Carlson Wagonlit, Cedora, Inc., Chedi Muscat, Delta Airlines, Detai Langkawi, Escala Vacations, Esslinger Wooten Maxwell, Inc., Esteban Oliverez, Expedia, Inc., Farebuzz, Fareportal Inc., Frommer Media, Frosh International Travel, Inc., General Hotel Management, Inc., Getaroom.com, Gogobot, Inc., Hipmunk, Inc., Hotelguides.com, Inc., Hotelsbyme.com, Hotels.com GP LLC, Hotelstravel.com, IBT Media Inc., ICE Portal, Jetblue Airways Corporation, Joe Mazzarella, Kayak Software Corporation, Lexyl Travel Technologies, Lonely Planet Global, Inc., Luxemont, Luxe Travel, LLC, Luxury Travel Media, Market ES, Inc., Metro Travel Guide, Mobissimo Inc., Mysobe.com, Nam Hai, Nextag, Inc., Orbitz Worldwide LLC. Pegasus Solutions Inc., Qantas Airways Limited, Questex Media LLC, Quintessentially, Random House, Reservation Counter, Room77, Setai Owners LLC, Signature Travel Network, Spa Finder, Inc., Tablet Inc., The Leading Hotels of the World, The Setai, This Exit LLC, Travelocity.com LP,

PLAINTIFF'S CASE MANAGEMENT STATEMENT

1  Tripadvisor.com LLC, United Airlines, Inc., Vacations by Tzell, VFM Leonardo, Inc., WK Travel Inc., and any additional or future defendants in *The Wave Studio, LLC v. General Hotel Management Ltd., et al.*, Case No. 7:13-cv-09239-CS (S.D.N.Y.).

c) MasterCard filed a Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16, stating that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding: MasterCard Incorporated, About, Inc., Alliance Reservations Network, American Airlines, Inc., Andrew Harper, Bookit.com Inc., Budgetworks, Inc., Carlson Wagonlit, Cedora, Inc., Chedi Muscat, Delta Airlines, Detai Langkawi, Escala Vacations, Esslinger Wooten Maxwell, Inc., Esteban Oliverez, Expedia, Inc., Farebuzz, Fareportal Inc., Frommer Media, Frosh International Travel, Inc., General Hotel Management, Inc., Getaroom.com, Gogobot, Inc., Hipmunk, Inc., Hotelguides.com, Inc., Hotelsbyme.com, Hotels.com GP LLC, Hotelstravel.com, IBT Media Inc., ICE Portal, Jetblue Airways Corporation, Joe Mazzarella, Kayak Software Corporation, Lexyl Travel Technologies, Lonely Planet Global, Inc., Luxemont, Luxe Travel, LLC, Luxury Travel Media, Market ES, Inc., Metro Travel Guide, Mobissimo Inc., Mysobe.com, Nam Hai, Nextag, Inc., Orbitz Worldwide LLC. Pegasus Solutions Inc., Qantas Airways Limited, Questex Media LLC, Quintessentially, Random House, Reservation Counter, Room77, Setai Owners LLC, Signature Travel Network, Spa Finder, Inc., Tablet Inc., The Leading Hotels of the World, The Setai, This Exit LLC, Travelocity.com LP, Tripadvisor.com LLC, United Airlines, Inc., Vacations by Tzell, VFM Leonardo, Inc., WK Travel Inc., and any additional or future defendants in *The Wave Studio, LLC v. General Hotel Management Ltd., et al.*, Case No. 7:13-cv-09239-CS (S.D.N.Y.).

20. <u>Professional Conduct</u>

Plaintiff's attorneys of record have reviewed the Guidelines for Professional

Conduct for the Northern District of California.

21. <u>Other</u>

None.

Dated: September 18, 2014               COBALT LLP


By: */s/ Vijay K. Toke*
    Vijay K. Toke

Attorney for plaintiff THE WAVE STUDIO, LLC

- 9 -                                    PLAINTIFF'S CASE MANAGEMENT STATEMENT