NATE A. GARHART (S.B. # 196872)
(nate@cobaltlaw.com)
VIJAY K. TOKE (S.B. # 215079)
(vijay@cobaltlaw.com)
AMANDA R. CONLEY (S.B. #281270)
(amanda@cobaltlaw.com)

COBALT LLP
918 Parker St., Bldg. A21
Berkeley, California 94710
Telephone: (510) 841-9800
Facsimile: (510) 295-2401

Attorneys for Plaintiff
THE WAVE STUDIO, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE WAVE STUDIO, LLC, a New York Limited Liability Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MASTERCARD INTERNATIONAL, INC., a Delaware corporation; VIRTUOSO, LTD., a Delaware corporation; and DOES 1-100,<br><br>Defendants. | Case No. 3:14-cv-01342-RS<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER OR, ALTERNATIVELY, TO STAY** |

Plaintiff, The Wave Studio, LLC ("Plaintiff") submits the following opposition to Defendants' motion to transfer or, alternatively, to stay:

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

There is no basis to grant Defendants' motion to transfer or stay. Venue is proper in this District, which Defendants do not dispute—a party motion to transfer under 28 U.S.C. Section 1404(a) requires that the party concede that venue is proper. The only question on a motion for transfer is whether the balance of equities favors transfer. Where transfer is not clearly favored, the moving party has not carried its burden. Here, an analysis of these equities as embodied in the test for the propriety of transfer as enunciated by the courts indicates all of the relevant factors are either neutral (and therefore not supporting transfer) or favor Plaintiff. Accordingly, Defendants have failed to carry their burden[1]

To obscure their lack of evidence to support their motion, Defendants' moving papers paint with an overly broad brush. Though they cite to tests applied by the Ninth Circuit and this District on motions to transfer, Defendants then largely ignore their evidentiary requirements under the tests. Instead, Defendants' base their motion almost entirely on unsupported assumptions and conclusions about unrelated litigation pending in New York. Masquerading these unsubstantiated conjecture as foregone conclusion, Defendants claim transfer is appropriate. In point of fact, Defendants have proffered no actual evidence to support their motion.

Indeed, Defendants attempt to draw connections between the two actions where none exist. The reason for this tactic is obvious: Defendants have no real factual basis for their motion and instead must rely on diversion in the hopes of distracting the Court from the patent reality that

---

[1] This is true absent Plaintiff's now pending motion for leave to amend the complaint to add another defendant, Visa Inc. ("Visa"). If the Court grants that motion, as directed by long-standing Ninth Circuit case law requiring the liberal granting of such motions, the factors

Defendants' motion lacks merit entirely.

Specifically, Defendants claim that Plaintiff's complaint is an exact copy of the complaint in a pending action in the Southern District of New York (the "New York Action"), save for an allegation in the New York Action implicating a Singapore-based company called General Hotel Management Ltd. ("GHM"). Without evidentiary support, Defendants make sweeping allegations about Plaintiff's motivations for filing in California and not including GHM in this action. Defendants shamelessly represent those suppositions as fact. But they are not fact, and Defendants purposely ignore material differences between this action and the New York Action to perpetuate their fiction. Indeed, Defendants' conclusory allegations overlook glaring and obvious explanations for why the two actions are unrelated and why Plaintiff filed this action in this District. Defendants' ostrich-like attempt to avoid the obvious reveals the fundamental flaw in the foundational elements of their motion.

Likewise, Defendants fail to meet the stringent standard for a stay. The facts and documentary evidence further discussed in and submitted with this opposition establish that Defendants' motion should be denied in its entirety.

## II.     ARGUMENT

**A.     Defendants' Motion to Transfer Should Be Denied**

**1.     Defendants do not contest venue and instead seek a transfer for purported convenience.**

Transfers may be requested due to the impropriety of the venue in which the case was filed or for the convenience of the parties. Because of the implications of their chosen mechanism considered for a transfer tilt even further in Plaintiff's favor.

to request transfer, Defendants may not now be heard to dispute venue in this case. Defendants brought their motion under Section 1404(a), claiming that it is more convenient for all parties to litigate this case in the Southern District of New York. A necessary element of a motion to transfer under Section 1404(a) is that venue is proper in the transferor court. See *Vu v. Ortho-McNeil Pharmaceutical, Inc.*, 602 F.Supp.2d 1151, 1156 (N.D. Cal. 2009) (to support a motion for transfer, the moving party must first establish that venue is proper in the transferor district). Thus, by bringing a motion to transfer under Section 1404(a), Defendants have conceded that this District is a proper venue under the venue statutes for copyright actions. Moreover, even if they tried, Defendants cannot seriously contest that venue is proper in this District.

Venue for copyright claims is governed by 28 U.S.C. Section 1400(a). Section 1400(a) states that "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights…may be instituted in the district in which the defendant or his agent resides or may be found." The test for venue in a copyright infringement claim is not whether the works at issue were copied or displayed in the forum; rather, venue is appropriate in any district in "which the defendant would be amenable to personal jurisdiction." *Brackett v. Hilton Hotels Corp.*, 619 F.Supp.2d 810, 815-16 (N.D. Cal. 2008). For the purposes of venue for a copyright case, a defendant is "found" wherever personal jurisdiction over him is proper. *Advideo, Inc. v. KMEL Broadcast Group, Inc.*, 727 F.Supp.1337, 1341 (N.D. Cal. 1989).

It is beyond dispute that MasterCard, a multi-billion dollar company with a virtually household name is subject to personal jurisdiction in this District. MasterCard also maintains a corporate office within this District. Similarly, Virtuoso is a leading luxury travel network responsible for billions of dollars in travel sales annually. Nowhere in their motion do Defendants contend that venue is improper. Instead, their motion is purely couched in terms of convenience,

as it must be since Defendants' motion is made under Section 1404(a). Thus, venue is proper in this District, and the only question is whether Defendants have met their burden for a transfer under Section 1404(a). As discussed further below, Defendants' motion falls far short of that burden.

**2.     Legal Standard for transfer under Section 1404(a).**

Defendants' motion seeks transfer of this action to the United States District Court for the Southern District of New York under 28 U.S.C. Section 1404(a). A party may challenge venue in a district court under Section 1404(a) for the convenience of parties and witnesses and in the interests of justice. Section 1404 states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The burden to prove that a transfer is appropriate lies with the moving party. *Commodity Futures Trading Commission v. Savage*, 611, F.2d 270, 279 (9th Cir. 1979). In assessing a motion to transfer for convenience, the court considers both public factors—which go to the interests of justice—and private factors—which go to the convenience of the parties and witnesses. *Brackett, supra,* 619 F.Supp.2d at 820 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

The *Brackett* case provides particularly good guidance because it involves similar facts (though not even as unfavorable to transfer as the facts in the matter at hand). In *Brackett*, a photographer filed copyright infringement claims in this District against various defendants for posting copyright-protected photographs on their website without authorization. The Defendants were largely based in the Central District of California, but the court denied transfer. As discussed in detail below, as in *Brackett*, the transfer factors either do not apply to this case, favor Plaintiff, or indicate that a transfer to New York would simply substitute one inconvenience for

another (which does not provide a basis for a transfer).

### a) The private factors for transfer support Plaintiff, necessitating denial of Defendants' motion.

The private factors considered in a motion to transfer are ease of access to sources of proof, plaintiff's choice of forum, relative convenience to parties, and relative convenience to witnesses. *Brackett, supra,* 619 F.Supp.2d at 820. Each of these factors supports denial of Defendants' motion.

### (1) Ease of access to sources of proof.

Defendants' motion does not address this factor directly, preferring instead to speak in generalities. When considering the ease of access to proof, however, it is clear that New York is no more convenient to most of the parties than this District, as the sources of proof are scatted throughout the United States and Southeast Asia. Plaintiff's documents, for example, are mostly located in Singapore. Declaration of Junior Lee In Support of Opposition to Defendants' Motion to Transfer or, Alternatively, to Stay, "Lee Decl.," at ¶ 3. Without providing any evidentiary support, Defendants assert that MasterCard's documents are located in New York. Even if that were true, it is entirely possible that some documents may be located outside of New York. Either way, Defendants have not met their evidentiary burden. Similarly, Defendant Virtuoso's documents are presumably in Texas. Defendants transparently sweep this under the rug for the purposes of their requested New York transfer. Regardless, Defendants' silence as to the location of their documents does not satisfy this factor.

Moreover, as the Court will note, Plaintiff has filed a motion for leave to amend to add another defendant to this action, Visa, whose infringement of Plaintiff's works was discovered recently. Visa's main offices are located in Foster City, California, within this District.

Therefore, Visa's documents, if Plaintiff is allowed to amend its complaint, could be in various jurisdictions, but are very likely located in this District as well.

Thus, a New York forum would not equate to easier access to proof for the majority of the parties in this litigation.

### (2) Plaintiff's choice of forum.

There is a general presumption in favor of Plaintiff's choice of forum, and Defendants must make a strong showing of inconvenience to upset Plaintiff's chosen forum. *Brackett*, 619 F.Supp.2d at 820. Plaintiff has selected this District as its chosen forum. Though Plaintiff is not located in California, its founder and CEO (and only current employee), Junior Lee, is located in Singapore, and California is much more convenient and less expensive for her to travel to than New York. Lee Decl., ¶¶ 1,4. Thus, the fact that Plaintiff is not located in this District is of no moment. Plaintiff chose this District as its preferred district, and because venue is proper as to all Defendants in this action, this Court should give Plaintiff's choice deference. This factor favors denial of Defendants' motion.

### (3) Convenience of the parties.

Though the relative financial ability of the parties is not usually given great weight, it "is a relevant consideration." *Brackett*, 819 F.Supp.2d at 820. Here, litigating in California will be more convenient and less expensive for Plaintiff, whose financial abilities are dwarfed by Defendants MasterCard and Virtuoso, both of which are large, international companies. Lee Decl., ¶ 4. Moreover, Virtuoso is a Texas-based company. It will be equally inconvenienced whether this action proceeds in California or New York. Therefore, once again the only party for whom New York might be arguably more convenient is Defendant MasterCard. Shifting the inconvenience from one party to another does not favor transfer. *Kina v. United Air Lines, Inc.*,

2008 WL 5071045, *5 (N.D. Cal. 2008).

### (4) Relative convenience to witnesses

This factor also weighs against transfer.  The convenience to the witnesses factor focuses on the convenience of third party witnesses for trial, as depositions do not matter since they are typically taken where the deponent resides.  *Brackett*, 619 F.Supp.2d at 821.  To meet their burden on this factor, Defendants, as the moving party, "must identify witnesses, state their location, and describe their testimony and its relevance." *Id*. (quoting *Williams v. Bowman*, 157 F.Supp.2d 1003, 1108 (N.D. Cal. 2001)).  Defendants have not done so.  Instead, Defendants make the blanket statement that "to the extent there may be unwilling non-party witnesses (for example, former employees of Wave or MasterCard that still reside in the New York area), the California courts would not have compulsory process to compel their attendance." Mtn. to Transfer, Docket No. 28, p. 7, l. 8-10.  This statement falls far short of the requirements to satisfy this factor because Defendants fail to specify particular witnesses, their exact location, and the testimony expected of them. Moreover, Defendants casually ignore discussion of Virtuoso's witnesses and make unsubstantiated (and demonstrably false) assumptions about former Wave employees.  In fact, Virtuoso, a Texas company, likely has former employees that are outside the subpoena power of the Southern District of New York, and Wave's former employees are all located in Singapore or Thailand, also outside of the subpoena power of the Southern District of New York.  Lee Decl. ¶¶ 5-6.  Therefore, once again, in addition to failing to carry its burden by not producing meaningful evidence on this factor, Defendants have once again demonstrated that at best, New York is no better a venue than California to adjudicate this action.  While there may be limited additional convenience to Defendant MasterCard,  convenience for MasterCard at the expense of the other parties does not favor transfer.  This factor, therefore, also militates against

granting Defendants' motion.

### b) The public factors do not support transfer.

To establish the basis for a transfer, a defendant must also provide evidence on public factors, which include "the degrees of court congestion, local interest in deciding local controversies, potential conflict of laws, and burdening citizens of an unrelated forum with jury duty." *Brackett*, 8619 F.Supp.2d at 821.  As with the private factors, Defendants provide no meaningful evidence to establish that the public factors favor a transfer.  Defendants have therefore failed to satisfy their burden.   Moreover, even a fair reading of the facts in this case (the very facts Defendants chose to ignore) indicate that the public factors are either neutral or weigh in favor of denying transfer.

First, with regard to the relative degrees of court congestion, Defendants admit that this District is more efficient than the Southern District of New York.  Mtn. to Transfer, Docket No. 28, p 8, l. 26 to p. 9, l. 1. By Defendants' own admission, this factor therefore favors denying Defendants' motion.  And even if the Southern District of New York were equally swift at moving cases along on its docket, parity would not support transfer.[2]

Second, the local interest in deciding local controversies is essentially neutral, since this action currently includes two New York entities, one Texas entity, and may include at least one California entity if Plaintiff is permitted to amend its complaint.  With the added consideration that Plaintiff's witnesses are located closer to California than New York, this factor is neutral and does not favor transfer.

Third, because this is a matter of the same federal law – law applied regularly by both

---

[2] Defendants instead argue that the Southern District of New York is the more efficient forum because it has had a head start over the purportedly related case pending there.  But as further discussed in Section III.B.3, the entire crux of Defendants' motion—that this action and the New York Action are somehow related—is based on blatantly unsupported (and immediately refutable)

courts – there is no potential conflict of laws. This factor is neutral and therefore does not support transfer.

Fourth, the factor on burdening citizens of an unrelated forum with jury duty, for the time being, at best only slightly favors transfer. On the other hand, given the likely traffic on Defendants' websites, it is likely (or at least plausible) that citizens of this District have viewed the infringing photographs and therefore have some connection to and interest in this litigation. And if this Court grants Plaintiff's motion for leave to amend the First Amended Complaint, which motions are routinely granted in this District, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (leave to amend is to be granted with "extreme liberality"), then this factor will be neutral, as it will include parties from California, Texas, and New York. Neutrality in the context of a motion to transfer does not meet Defendants' burden.

### 3. The central basis for Defendants' motion—that this action is related to the New York Action—is a red herring that is demonstrably false.

Apparently recognizing that they cannot meet their burden to support a motion for transfer under Section 1404(a), Defendants motion relies on the unsupported central theme that this action is related to the New York Action. Specifically, Defendants claim that the FAC in this action is the same as that in New York, save for the omission of General Hotel Management Ltd. ("GHM"). This theme, however, is based on nothing but conjecture and unsupported conclusions. It also ignores the glaringly obvious explanation for Plaintiff's choice to omit GHM from this action: Plaintiff has no evidence connecting GHM to the infringing photographs posted by Defendants in this action. Lee Decl., ¶¶ 8-9..

Indeed, Defendants only basis for claiming that they received the photographs from GHM assumptions.

is that Plaintiff's complaint in the New York Action alleged that it only gave the infringing photographs to GHM. Mtn. to Transfer, Dkt. No. 28, p. 3, l. 10-13. Therefore, goes Defendants' logic, GHM is the only possible source of the infringing photographs. This claim by Defendants, in addition to being easily refuted, has no bearing on this case.

First, there is no overlap whatsoever between defendants in this case and the New York case. Thus, the referenced allegation in the New York case is irrelevant here. Second, even Defendants admit that over a third of the photographs at issue in this action are not involved in the New York Action. Mtn. to Transfer, Dkt. No. 28, p.3, l.2-4. Third, embarrassingly, Defendants' position ignores the most obvious way Defendants could have gotten the infringing photographs—by downloading them from the Internet. For example, Defendants could have obtained these photographs from the website of any one of the 58 defendants in the New York Action alleged to have published infringing photographs.

Moreover if Defendants have any actual evidence showing that they received the infringing photographs from GHM, they should have provided it with their motion. It is their burden to support transfer, after all. Defendants' failure to provide any such evidence is telling.[3]

In sum, Defendants have failed to provide sufficient evidence to support a transfer. In the absence of evidence, they have instead provided unsupported conjecture and supposition that the cases are related. By contrast, Plaintiff has asserted that, despite its investigation prior to filing this action, it has no evidence suggesting that GHM was the source of the infringing photographs. Moreover, if Visa is added as a Defendant, as it should be, Plaintiff is likewise unaware of any connection between GHM and Visa. In addition, Visa has infringed two unpublished

---

[3] Nor may Defendants now bring in any such evidence on reply to support their motion. *Cal. Writer's Club v. Sonders*, 2011 WL 4595020, *13 (N.D. Cal. 2011) (ruling on Defendant's motion to transfer that "it is well-established that arguments raised for the first time in a reply brief are not considered in deciding a motion.") (citing *United States v. Romm*, 455 F.3d 990, 997

THE WAVE STUDIO, LLC
OPP. TO MTN TO TRANSFER/STAY
Case No. 3:14-cv-01342-RS

photographs, which were never provided to GHM. Lee Decl., ¶ 9. This fact underscores even more strongly why this case is not related to the New York Action and why transfer is not appropriate here.

### B.  Defendants Have Not Established the Basis for a Stay.

#### 1.  Defendants' burden on a motion to stay is the same as for a preliminary injunction.

Defendants seek a stay as an alternative to a transfer of this action pending the resolution of the New York Action against GHM. To obtain a stay, Defendants must meet the same standard required for a preliminary injunction. *Acer, Inc. v. Technology Properties Ltd.*, 2008 WL 4661603, *3 (N.D. Cal. 2008) (citing *Abbassi v. I.N.S.*, 143 F.3d 513, 514 (9th Cir. 1998)). To establish the basis for a preliminary injunction, a party must show that it "is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Herb Reed Enters. v. Fla. Entm't Mgmt.*, 736 F.3d 1239, 1247 (9th Cir. 2013). Defendants' motion falls far short of this high bar for a stay.

#### 2.  Defendants have failed to meet the heightened standard for a stay.

As with their motion to transfer, the crux of Defendants' motion to stay is the same set of unsupported, conclusory allegations that this action is related to the New York Action. Once again, Defendants fail to provide any actual evidence that the cases are related. Instead, they simply point to the similar allegations made in the New York Action against wholly separate parties. This argument leaves open glaringly obvious alternative explanation that the Defendants

---

(9th Cir. 2006)).

here received the infringing photographs in this case (which are largely different than those in New York) from the Internet or some other source. This argument does not come close to satisfying Defendants' burden of showing a likelihood of success on the merits. Moreover, Defendants do not even bother to address the other preliminary injunction elements that apply to a motion to stay. Nor may they attempt to repair this omission in their reply. *Cal. Writer's Club,* 2011 WL 4595020 at *13. Accordingly, Defendants have not established they are entitled to a stay.

### C. Defendants' Hearing Date Is Not In Compliance with Civil Local Rule 7-2, Requiring That the Hearing Be Continued to October 9, 2014 or later.

Finally, Defendants failed to comply with this Court's local rules when noticing a hearing date for this motion. Civil Local Rule 7-2(a) states that all motions must be "filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 after filing of the motion." Defendants' motion was filed on September 4, 2014 but set for hearing on October 2, 2014, only 28 days later. To comply with Local Rule 7-2(a), the hearing date must be set for October 9, 2014 or later. Therefore, Plaintiff respectfully requests that the hearing date on Defendants' motion be continued to October 9, 2014 or later in order to comply with the Civil Local Rules.

///

///

///

///

///

///

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for transfer or, alternatively, stay should be denied in its entirety, and the hearing date on Defendants' motion should be continued to October 9, 2014 or later.

Respectfully submitted,

Cobalt LLP


By: /s/ Vijay K. Toke
Nate A. Garhart
Vijay K. Toke
Amanda R. Conley
COBALT LLP
918 Parker Street, Bldg. A21
Berkeley, CA 94710

Attorneys for Plaintiff
The Wave Studio, LLC