NATE A. GARHART (S.B. # 196872)
(nate@cobaltlaw.com)
VIJAY K. TOKE (S.B. # 215079)
(vijay@cobaltlaw.com)
AMANDA R. CONLEY (S.B. #281270)
(amanda@cobaltlaw.com)

COBALT LLP
918 Parker St., Bldg. A21
Berkeley, California 94710
Telephone: (510) 841-9800
Facsimile: (510) 295-2401

Attorneys for Plaintiff
THE WAVE STUDIO, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE WAVE STUDIO, LLC, a New York Limited Liability Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MASTERCARD INTERNATIONAL, INC., a Delaware corporation; VIRTUOSO, LTD., a Delaware corporation; VISA INC., a California corporation, and DOES 1-100,<br><br>Defendants. | Case No. 3:14-cv-01342-RS<br><br>**DECLARATION OF JUNIOR LEE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR TRANSFER OR, ALTERNATIVELY, TO STAY** |

I, Junior Lee, declare as follows:

////

////

////

THE WAVE STUDIO, LLC
Lee Dec ISO Oppo to Transfer
Case No. 3:14-cv-01342-RS

1. I am owner, founder, Chief Executive Officer, and sole employee of The Wave Studio, LLC ("Wave Studio"). I make this declaration on behalf of Wave Studio in support of its Opposition To Defendants' Motion To Transfer Or, Alternatively, To Stay. Except where otherwise indicated, this declaration is based upon my personal knowledge, and I could and would testify competently to the truth of the matters stated herein if called upon to do so.

2. I am a photographer and through my company Wave Studio I am the copyright owner of all photographs at issue in this litigation. I formed Wave Studio in order to hold, manage, and control the U.S. intellectual property rights to my photographs including several copyright registrations. My photographs of hotels, travel destinations, and nature scenes are used in marketing materials throughout the world. The photographs of hotels and travel destinations at issue in this litigation (the "Hotel Photographs") were captured in dozens of different cities and countries around the world. The Hotel Photographs are all registered with the United States Copyright Office.

3. While Wave Studio maintains an office in White Plains, New York, all relevant documents and knowledge are in my possession in Singapore.

4. I expect that I will be a witness at trial in this litigation. I will provide information about the creation, ownership, and copyright registration of the Hotel Photographs. I reside full-time in Singapore. Travel to San Francisco is far more convenient and considerably less expensive for me than travel to New York.

5. I expect that two former Wave Studio employees, Ms. Wei Wei, Gwee and Mr. See Kong, Lim, will provide testimony at trial in this litigation regarding the creation and ownership of certain of the Hotel Photographs. Ms. Wei Wei, Gwee resides full time in Singapore. Mr. See Kong, Lim is a resident of Singapore. On information and belief, Mr. See Kong, Lim currently resides in Thailand. Travel to San Francisco is far more convenient and considerably less expensive for both Ms. Wei Wei, Gwee and Mr. See Kong, Lim than travel to New York.

6. I also expect that former Wave Studio freelance digital artist Mr. Wing Kheong, Cheong will provide testimony at trial in this litigation regarding the development of marketing materials incorporating the Hotel Photographs. Mr. Wing Kheong, Cheong resides full time in Singapore. Travel to San Francisco is far more convenient and considerably less expensive for Mr. Wing Kheong, Cheong than travel to New York.

7. I am aware of no evidence relating this litigation to the action currently pending in the Southern District of New York, *The Wave Studio, LLC v. General Hotel Management Ltd., et al.,* Case No. 7:13-cv-09239 (S.D.N.Y.) (the "New York Action"). The New York Action involves entirely different defendants. Further, a number of the Hotel Photographs at issue in this litigation are not at issue in the New York Action.

8. This litigation is also unrelated to the New York Action Defendant General Hotel Management, Ltd. ("GHM"). I am not aware of any evidence connecting GHM with the distribution of any of the Hotel Photographs in this action. As I understand it, several of the properties involved in this action stopped working with GHM a number of years ago. Therefore, it is unlikely that GHM was the source of these photographs. Much more likely, on information and belief, Defendants in this action obtained the Hotel Photographs at issue from third party sources on the Internet.

9. In addition, I am aware of evidence suggesting that GHM did not distribute and would not have distributed certain of the Hotel Photographs. Specifically, at least two of the Hotel Photographs infringed by potential Defendant Visa in 2012 are unpublished photographs of The Setai Miami. On information and belief, Visa may have obtained these photographs directly from The Setai Miami. These Hotel Photographs were never given to GHM, so it never had access to these unpublished photographs. Thus, in addition to the fact that GHM is unlikely to have provided Visa with photographs of hotels it was no longer managing, on information and belief, GHM did not have access to these unpublished photographs to provide them to Visa, and Visa received these photographs directly from The Setai Miami.

////
////
////

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed this 19th day of September 2014, at the Republic of Singapore.

By: _____

Junior Lee

Owner, Founder, and CEO
THE WAVE STUDIO, LLC