Lucky Meinz (CA Bar No. 260632)
lmeinz@vedderprice.com
Brittany A. Sachs (CA Bar No. 287651)
bsachs@vedderprice.com
VEDDER PRICE (CA), LLP
275 Battery Street, Suite 2464
San Francisco, CA 94111

Blaine Kimrey (admitted *pro hac vice*)
bkimrey@vedderprice.com
Bryan Clark (admitted *pro hac vice*)
bclark@vedderprice.com
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  (312) 609 7500
F:  (312) 609 5005

Attorneys for defendants
MASTERCARD INTERNATIONAL, INC. and
VIRTUOSO, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE WAVE STUDIO, LLC, a New York Limited Liability Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MASTERCARD INTERNATIONAL, INC., a Delaware corporation; VIRTUOSO, LTD., a Delaware corporation; and DOES 1-100,<br><br>Defendants. | Case No. 3:14-cv-01342-RS<br><br>Honorable Judge Richard Seeborg<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER OR, ALTERNATIVELY, TO STAY**<br><br>Date:  October 9, 2014<br><br>Time: 1:30 p.m.<br><br>**Location:  San Francisco Courthouse, Courtroom 3 - 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102** |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. Wave's improper attempt to join Visa as a defendant should have no bearing on the Court's transfer analysis ................................................................ 2

    B. Wave's suggestion that the New York Litigation has no bearing on this action is incorrect ............................................................................................... 4

    C. The Section 1404(a) factors favor transfer ............................................................ 6

        1. Ease of access to sources of proof ............................................................. 7

        2. Plaintiff's choice of forum ......................................................................... 7

        3. Convenience of the parties ........................................................................ 8

        4. Relative convenience to witnesses ............................................................ 9

        5. Public factors ............................................................................................. 9

    D. Alternatively, this Court should stay this case pending resolution of the relevant issues in the New York litigation ........................................................... 10

III. CONCLUSION ............................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbassi v. INS*,
  143 F.3d 513 (9th Cir. 1998) ................................................................................................ 12

*ADE Corp. v. KLA-Tencor Corp.*,
  138 F. Supp. 2d 565 (D. Del. 2001) ....................................................................................... 9

*Brackett v. Hilton Hotels Corp.*,
  619 F. Supp. 2d 810 (N.D. Cal. 2008) ................................................................................... 6

*Calmedica LLC v. Novoste Corp.*,
  2004 U.S. Dist. LEXIS 1210 (N.D. Ill. Jan. 30, 2004) .......................................................... 4

*Landis v. N. Am. Co.*,
  299 U.S. 248 (U.S. 1936) ..................................................................................................... 12

*LG Electronics, Inc. v. First Int'l Computer, Inc.*,
  138 F. Supp. 2d 574 (D.N.J. 2001) ........................................................................................ 4

*Lopez v. Heckler*,
  713 F.2d 1432 (9th Cir. Cal. 1983) ...................................................................................... 12

*Sweet-Reddy v. Vons Cos., Inc.*,
  2007 U.S. Dist. LEXIS 24427 (N.D. Cal. March 20, 2007) .................................................. 8

*Vu v. Ortho-McNeil Pharm., Inc.*,
  602 F. Supp. 2d 1151 (N.D. Cal. 2009) ................................................................................. 8

*Zinky Elecs., LLC v. Victoria Amplifier Co.*,
  2009 U.S. Dist. LEXIS 61664 (D. Conn. June 24, 2009) ...................................................... 9

**Statutes**

28 U.S.C. § 1400(a) ..................................................................................................................... 6

28 U.S.C. § 1404(a) .............................................................................................................. *passim*

**Rules**

FED. R. CIV. P. 19 .................................................................................................................... 2, 3

FED. R. CIV. P. 20 ....................................................................................................................... 3

FED. R. CIV. P. 21 ....................................................................................................................... 4

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

Case No. 3:14-cv-01342-RS

- ii -

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO TRANSFER OR,
ALTERNATIVELY, TO STAY

## I. Introduction

Desperate to stay in this jurisdiction and realizing that it has no legitimate basis for arguing against transfer of this action under 28 U.S.C. § 1404(a), plaintiff The Wave Studio, LLC ("Wave") filed — mere hours before its Opposition[1] was due — a motion to amend its complaint to add California-based company Visa, Inc. ("Visa") as a defendant. Wave apparently hopes the Court will fail to see this motion for what it is: a transparent attempt to keep the case against defendants MasterCard, Inc. ("MasterCard) and Virtuoso, Ltd. ("Virtuoso") (collectively, "Defendants") in this Court despite the fact that the Section 1404(a) factors clearly favor transfer. As explained in greater detail below, any analysis of the Section 1404(a) factors as they relate to Visa is irrelevant because Visa (despite Wave's last-minute efforts) *is not a party to this case*. If Visa were a party, there would be serious questions about whether Visa was properly joined because it has no connections to Defendants (nor has Wave pled any such connections). Accordingly, the Court should not consider any of Wave's arguments related to Visa in evaluating Defendants' Motion to Transfer or, Alternatively, to Stay (Docket Entry 27, the "Motion").

Regardless, this matter should be transferred to the Southern District of New York or, alternatively, stayed because Wave is involved in ongoing litigation in that district[2] that will affect the viability of its claims in this action.

---

[1] Wave's Opposition to Defendants' Motion to Transfer or, Alternatively, to Stay was due on September 18, 2014. Wave filed its motion for leave to file a Second Amended Complaint at approximately 7:41 p.m. PST on September 18. (Docket Entry 31). It then filed its opposition brief at 11:55 p.m. PST on September 18. (Docket Entry 34). The next day, Wave filed Plaintiff's Amended Opposition to Defendants' Motion to Transfer or, Alternatively, to Stay. (Docket Entry 36, the "Opposition"). For the purposes of this Reply, all citations to the Opposition are to Docket Entry 36.

[2] *The Wave Studio, LLC v. General Hotel Management Ltd., et al.*, Case No. 7:13-cv-09239 (S.D.N.Y.) (the "New York Litigation"). New York Complaint referred to as "NY Compl."

Case No. 3:14-cv-01342-RS                                  DEFENDANTS' REPLY IN SUPPORT OF
                                                           MOTION TO TRANSFER OR,
                                                           ALTERNATIVELY, TO STAY

## II. Argument

### A. Wave's improper attempt to join Visa as a defendant should have no bearing on the Court's transfer analysis.

As an initial matter, the Court should ignore Wave's "Hail Mary" attempt to keep this case in the Northern District of California by filing a motion to amend to add a party with alleged connections to this district. The attempted addition of Visa is a subterfuge by Wave designed to distract from the fact that the Section 1404(a) factors weigh in favor of transferring this case to the Southern District of New York. If Wave genuinely believes that it has a valid claim against Visa, it can address that issue with the appropriate court after a ruling has been made on Defendants' Motion.[3] For now, the Court's transfer analysis must proceed only with respect to the parties named in this case. According to the operative First Amended Complaint (Docket Entry 10, the "FAC"), those parties are Wave, MasterCard, and Virtuoso. For the sake of this analysis, Visa is a nullity and should not be considered at all.

But even if the mere filing of Wave's motion to amend were enough to make Visa part of this analysis, a review of the proposed Second Amended Complaint shows that there are serious concerns about whether Visa could properly be joined as a defendant in this case. Wave makes no allegations linking Visa's alleged bad acts to MasterCard or Virtuoso. Although Wave claims that Visa infringed some of the same copyright registrations that Wave has alleged Defendants violated, Wave does *not* plead that Defendants played any role in Visa's alleged violations, or vice versa. Moreover, Wave contends that Visa infringed *four additional* registrations. (Docket Entry 31, Exh. A, ¶ 32) and that Visa published two photographs that "Plaintiff has never published." (Docket Entry 31, Exh. A, ¶ 22). Again, this has nothing to do with Defendants — and Wave has not alleged otherwise.

To join Visa as a defendant in this case, Wave must avail itself of either the mandatory joinder standard in Federal Rule of Civil Procedure 19 or the permissive joinder standard in

---

[3] Currently, the hearing on Wave's motion to amend is set for November 20, 2014. (*See* Docket Entry filed by Court Staff on 9/19/14). Accordingly, the Court need not consider the motion to amend before ruling on Defendants' Motion. If this case is transferred, the motion to amend will be a matter for the Southern District of New York to consider.

Case No. 3:14-cv-01342-RS       - 2 -       DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER OR, ALTERNATIVELY, TO STAY

1  Federal Rule of Civil Procedure 20, neither of which is referenced in Wave's Opposition or its
2  motion to amend.  Given the lack of any connection between Visa and Defendants (it is widely
3  known that Visa and MasterCard are, in fact, competitors), there can be little doubt that Visa is
4  not a mandatory party under Rule 20(a), such that "in [Visa's] absence, the court cannot accord
5  complete relief among existing parties."  Likewise, because Wave allegedly has separate claims
6  against Visa and Defendants, the Court can "accord complete relief among existing parties."  Fed.
7  R. Civ. P. 19(a)(1)(A).[4]

8      Accordingly, Visa can be joined in this case only if:

9      (A) any right to relief is asserted against them jointly, severally, or in the
       alternative with respect to or arising out of the same transaction, occurrence, or
10     series of transactions or occurrences; ***and***

11     (B) any question of law or fact common to all defendants will arise in the action.

12 Fed. R. Civ. P. 20(a)(2) (emphasis added).  Here, it is clear from the proposed Second Amended
13 Complaint that Wave is not asserting a claim against Visa and Defendants "jointly, severally, or
14 in the alternative with respect to or arising out of the same transaction, occurrence, or series of
15 transactions or occurrences."  The only similarity between Visa and Defendants is that they are
16 alleged to have infringed some of the same copyrights.  But there is no suggestion that the alleged
17 copyright infringement arose out of the same transaction or occurrence.  In fact, the allegations in
18 the Second Amended Complaint indicate that, with respect to Visa, at least some of Wave's
19 claims are based on a completely unique set of facts relating to unpublished photographs.  (*See*
20 Docket Entry 31, Exh. A, ¶ 22).[5]

21     If Visa had already been joined as a party, the proper course of action would have been for
22 the Court to sever Visa from this case if the Court chose to retain jurisdiction over Visa.  *See* Fed.
23

---

24 [4] Ironically, General Hotel Management ("GHM") — the lead defendant in the New York
25 Litigation — fits more appropriately into that definition, but Wave has refused to name GHM as a defendant or consent to transfer.

26 [5] The only way Visa could be properly joined in this case is if some portion of the photos it
27 allegedly infringed came from GHM as well — and that, of course, would favor transfer because GHM is the focal point of the New York litigation.

28

R. Civ. P. 21 (noting that in the event of misjoinder of parties, the court may sever a party or a claim). Courts have criticized plaintiffs for attempting to manipulate jurisdiction and venue through misjoinder of parties and have not hesitated to sever parties and claims in the interest of justice. *See, e.g., LG Electronics, Inc. v. First Int'l Computer, Inc.*, 138 F. Supp. 2d 574, 584 (D.N.J. 2001) (internal citations omitted) ("Without the remedy of severance, courts would be powerless to prevent a plaintiff from manipulating the system by joining a peripherally connected defendant to the main action for the sole purpose of accentuating the burdens of trial upon a defendant who otherwise would have been entitled to a § 1404(a) transfer."); *Calmedica LLC v. Novoste Corp.*, 2004 U.S. Dist. LEXIS 1210, *5 (N.D. Ill. Jan. 30, 2004) (severing party and transferring claim where "[i]t is transparent to this Court that [plaintiff] has named [peripheral party] as a defendant in this matter solely to justify venue in this Court"). Here, because Visa has not yet been added, there is no need for the Court to sever Visa. But the Court should still follow the lead of other courts that have expressed a distaste for this sort of venue manipulation by disregarding Wave's efforts to influence the transfer motion through misjoinder of Visa.

### B. Wave's suggestion that the New York Litigation has no bearing on this action is incorrect.

Wave's contention that the New York Litigation is not related to this case is absurd. As demonstrated in the Declaration of Daniel F. Benavides filed with Defendants' motion (*see* Docket Entry 29), Wave knows that this case is inextricably intertwined with the New York Litigation. It is disingenuous to suggest that Wave filed a lawsuit against 59 defendants in the Southern District of New York in December 2013 and then filed another lawsuit with the same fundamental allegations, relating to the same copyright registrations, six months later in the Northern District of California, without recognizing that the two cases are related.

Wave's opposition brief suggests that Defendants should have provided "evidence" of GHM's involvement to support the transfer. But Wave has already recognized and admitted to GHM's involvement on face of the pleadings in the New York Litigation, and the similarities between the two cases are readily apparent. (*Compare* NY Compl. ¶¶ 1-5, 8, 93-95, 100-102, 110-117, 199-203 *with* FAC ¶¶ 1-5, 8, 13-15, 16-18, 19-27, 29-33). Defendants are not willing to

1  (and should not be required to) provide early discovery to Wave to "prove" something that Wave
2  already admits. This sort of gamesmanship is an attempt to make an end-run around the stay
3  entered by Judge Cathy Seibel in the New York Litigation on July 2, 2014, and should not be
4  tolerated by this Court.

5  Wave's arguments with respect to the relevance of the New York Litigation ring hollow.
6  First, the suggestion that GHM has "no bearing on this case" is incorrect. (Opposition, at p. 8).
7  Defendants deny that they downloaded the photographs at issue from the Internet, but even if that
8  were true, it would not change the analysis. The fundamental issue in the New York Litigation is
9  whether GHM had the right to distribute the Hotel Photographs to third parties. (NY Compl. ¶
10 98). All of the copyrights at issue in the FAC are also at issue in the New York Litigation.
11 *Compare* FAC ¶ 16 *with* NY Compl. ¶ 77. Thus, the resolution of the New York Litigation will
12 determine whether Wave has valid copyrights in the subject images, whether some or all of those
13 rights were assigned to GHM, whether some or all of those rights were licensed to GHM, and
14 whether GHM exceeded the scope of any such license. If the New York court determines that
15 Wave does not have valid copyrights or that the rights were assigned to GHM, Wave would have
16 no standing to pursue Defendants. If the New York court determines that GHM had a license,
17 then the focal point of a case against Defendants would be whether Defendants received the
18 photographs within the scope of that license. Regardless, a resolution of the New York Litigation
19 would have an undeniable influence on the outcome of this case, both in terms of efficiency and
20 consistency.[6]

21 Wave's argument that the allegations in the New York Complaint are "irrelevant" because
22 "there is no overlap whatsoever between the defendants in this case and the New York case"
23 (Opposition, at p. 8) fails as well. Wave provides no argument beyond this conclusory statement

---

[6] Notably, the proposed Second Amended Complaint would not change this analysis. Although Visa is alleged to have infringed four additional registrations that were not allegedly infringed by Defendants (VA 1-432-329, VA 1-759-524, and VA 1-825-429, and VAu 1-055-458) (Docket Entry 31, Exh. A, ¶ 32), all four of these are at issue in the New York Litigation as well. (*See generally* NY Compl.). Thus, even if Visa were a party to this case, the New York Litigation would have a significant impact on its outcome.

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

Case No. 3:14-cv-01342-RS                - 5 -                DEFENDANTS' REPLY IN SUPPORT OF
                                                              MOTION TO TRANSFER OR,
                                                              ALTERNATIVELY, TO STAY

to explain why the lack of overlap between defendants is dispositive here. Wave must take this position, of course, because the lack of overlap between the defendants in the two cases is the only reason Wave can oppose Defendants' motion — in fact, Wave manufactured the lack of overlap by refusing to name GHM as a party in this case. If any of the 59 defendants from the New York Litigation had been named as defendants here, it would have been obvious without any further analysis that the case should be transferred in the interest of justice because these issues were already being litigated in another jurisdiction. Here, the Court needs to look a bit further, but it is still clear that the cases are inextricably intertwined; Wave cannot take back its assertion the Hotel Photographs were not disseminated by Wave to anyone other than GHM (NY Compl. ¶ 99) simply because Defendants are not parties in New York. As a result, the rights held by GHM and the question of what it did with the photographs at issue are essential to any determination of infringement in this case as well as in New York.

### C.  The Section 1404(a) factors favor transfer.

The connections between this case and the New York Litigation, coupled with Wave's improper attempt to add Visa as a defendant, demonstrate why this case should be transferred. But even if the Court does consider the arguments with respect to Visa, the Section 1404 factors support the same conclusion. In arguing that Defendants fail to meet the standards for transfer under Section 1404(a), Wave relies heavily on *Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810 (N.D. Cal. 2008), arguing inexplicably that the facts in that case are "not even as unfavorable to transfer as the facts in the matter at hand." (Opposition, p. 4). But there are clear differences between the *Brackett* case and this case that explain why transfer is appropriate here. First, unlike Wave, the plaintiff in *Brackett* lived and worked in the jurisdiction where she filed suit. *Id.* at 814. Second, unlike Wave, all of the plaintiff's proposed witnesses resided in the district where the plaintiff filed suit. *Id.* at 821. Finally, unlike in this case, the majority of witnesses resided within the subpoena power of the Court. *Id.* Thus, the *Brackett* case (which is not binding precedent in any event) is distinguishable from the case before this Court, the Section 1404(a)

factors favor transfer, and Defendants' motion to transfer should be granted.[7]

### 1. Ease of access to sources of proof.

In arguing that Defendants have failed to meet their burden on this point, Wave speculates that the sources of proof in this case "are scatted [sic] throughout the United States and Southeast Asia." (Opposition, p. 4). But what Wave does not say — and cannot say — is that *any* of the sources of proof related to Defendants are located in this district. Relying on its motion to amend to add Visa, Wave argues that Visa's documents "are very likely located in this District as well." (Opposition, p. 5). But this is pure speculation relating to a party that is not here to respond. Not surprisingly, Visa has offices in New York City,[8] and it is just as likely that Visa's documents are located there. Short of attempting to add Visa as a defendant, Wave cannot establish *any* connection between this case and this forum. Wave states that its own documents are "mostly located in Singapore," not California. (Opposition, p. 4). Obviously this Court cannot transfer this case to Singapore for the convenience of the parties, but it can transfer this case to a jurisdiction closely linked to this case that provides easy access to sources of proof — the Southern District of New York (a district already chosen by Wave to litigate in). As asserted in Defendants' Motion, MasterCard's main offices are five miles from the courthouse in White Plains, New York, where the New York Litigation is pending. Moreover, although Virtuoso is a Texas company, it has New York offices at 747 Third Avenue, 34th Floor, New York, NY 10017.[9] Because New York (unlike California) has connections to this litigation, this factor weighs in favor of transfer.

### 2. Plaintiff's choice of forum.

Wave's statement that "the fact that Plaintiff is not located in this District is of no

---

[7] For reasons that are not clear, Wave devotes several paragraphs to making its case that venue is proper in this district. Defendants do not contest the propriety of venue under 28 U.S.C. § 1400(a) but instead have shown that proceeding in this venue would be inefficient, inconvenient, and contrary to the interests of justice.

[8] *See* http://usa.visa.com/careers/why-visa/global-offices.jsp.

[9] *See* http://www.virtuoso.com/why-virtuoso/about-us/contact-us.

Case No. 3:14-cv-01342-RS — - 7 - — DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER OR, ALTERNATIVELY, TO STAY

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

1  moment" is wrong.  (Opposition, p. 5).  In emphasizing its choice of forum, Wave fails to
2  acknowledge the fact that the plaintiff's choice is afforded minimal weight when the plaintiff
3  does not reside in the chosen forum.  *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151,
4  1156 (N.D. Cal. 2009); *see also Sweet-Reddy v. Vons Cos., Inc.*, 2007 U.S. Dist. LEXIS 24427,
5  *2 (N.D. Cal. March 20, 2007) (finding that deference to plaintiff's choice of forum is diminished
6  where plaintiff does not reside in chosen forum and none of the events alleged in the complaint
7  occurred there).  Wave is a limited liability company organized under the laws of the State of
8  New York with its principal place of business in White Plains, New York  (FAC ¶ 9; NY Compl.
9  ¶ 8), and Wave is already involved in litigation against 59 defendants in the Southern District of
10 New York related to the same copyright registrations at issue here.  Thus, its supposed concerns
11 about the expense and convenience of litigating in New York should fall on deaf ears.

### 3.   Convenience of the parties.

"[A]bsent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001).  Wave is a New York company that filed suit against another New York company (MasterCard) and a company with a New York office (Virtuoso) in the Northern District of California, despite the fact that Wave had already filed a related case in the Southern District of New York.  Certainly it cannot be said that litigating in New York poses a "unique or unexpected burden" to Wave.  Likewise, Wave's claim that "litigating in California will be more convenient and less expensive for Plaintiff" (Opposition, p. 5) misses the mark.  If Wave were worried about the convenience and expense of litigating in New York, it should not have filed a related lawsuit there against 59 defendants. Given that Wave is already heavily involved in litigation in the Southern District of New York, the interests of efficiency and convenience favor transferring this case to that district, so that Wave is not litigating the same issue on both coasts.[10]  As set forth in Defendants' Motion,

---

[10] Notably, the typical travel time from Singapore to New York is only about 2 hours longer than the typical travel time from Singapore to San Francisco, which is fairly inconsequential given the overall travel time.  In fact, depending on the flights selected, it is actually possible that it could take *longer* to get from Singapore to San Francisco.

1  MasterCard's main offices are five miles from the courthouse in White Plains, New York, where
2  the New York Litigation is pending, and as set forth herein, Virtuoso has a New York office.
3  Accordingly the convenience of all three current parties is best served by transferring this case.
4  And even if Visa were to assert that California was more convenient (an unlikely scenario), its
5  convenience would not outweigh the convenience of the other parties.[11]

### 4. Relative convenience to witnesses.

Wave contends that "New York is no better a venue than California to adjudicate this action" with respect to the relative convenience of third party witnesses. (Opposition, p. 6). But this argument ignores the fact that there currently are *no witnesses within the subpoena power of this Court*. To the extent there are any unwilling third party witnesses (be they former New York employees of MasterCard or Virtuoso or employees of the myriad third parties named in the New York Litigation), they likely will be within the subpoena power of the Southern District of New York. Defendants certainly acknowledge that not every third party witness will be subject to compulsory process in New York, but it makes much more sense for this case to proceed in a jurisdiction where some of the witnesses may reside than in a jurisdiction where the parties agree that *none* of the witnesses reside. Even if the Court were to consider where Visa's witnesses might reside, that is pure speculation and regardless, the number of witnesses outside of California still is likely to far exceed the number of California witnesses. Thus, the convenience of the witnesses weighs in favor of transfer.

### 5. Public factors.

The public factors in this case also weigh in favor of transfer. As acknowledged in Defendants' Motion, this Court is slightly more efficient than the Southern District of New York. (Motion, at pp. 8-9). But this small statistical advantage is negated by the fact that the New York

---

[11] The only apparent convenience served by litigating in this Court is the convenience of Wave's California counsel. "It is well established, however, that the location of plaintiff's counsel is not a factor to be considered in the section 1404(a) analysis." *Zinky Elecs., LLC v. Victoria Amplifier Co.*, 2009 U.S. Dist. LEXIS 61664, *10 (D. Conn. June 24, 2009). Moreover, Wave already has counsel in New York.

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

Case No. 3:14-cv-01342-RS                     - 9 -                     DEFENDANTS' REPLY IN SUPPORT OF
                                                                        MOTION TO TRANSFER OR,
                                                                        ALTERNATIVELY, TO STAY

Litigation is substantially further along in terms of discovery and settlement discussions. If this case is transferred, the parties will get the benefit of that additional progress. Accordingly, the Southern District of New York would be the more efficient jurisdiction for this particular case.

On the issue of local controversies, no current party to this litigation is based in California. But the action includes two New York entities and a Texas entity with a New York office. This matter also is related to a case pending in New York that involves 59 defendants. This factor therefore favors transfer even if the Court were to consider California-based Visa, which also has a New York office.

Finally, the notion that citizens should not be burdened with jury duty for actions occurring in an unrelated forum weighs in favor of transfer. Again, this case has no meaningful connection to this jurisdiction. And even if the Court considers Visa, Wave acknowledges that Visa's California headquarters makes this factor, at best, neutral. (Response, p. 8). Wave's half-hearted assertion that it is "at least plausible" that citizens of this district have viewed the allegedly infringing photographs does not change that. (Opposition, p. 7). The location of the viewers has no bearing on the core issues of this case, which are whether Wave has a valid copyright in the photos and whether Defendants violated the copyright. Accordingly, this factor (as well as the other non-neutral public factors)[12] favors transfer and this case should be transferred to the Southern District of New York.

### D.   Alternatively, this Court should stay this case pending resolution of the relevant issues in the New York litigation.

If the Court does not transfer this case to the Southern District of New York, it should stay the case pending a resolution of the critical issues in the New York Litigation of whether Wave has valid copyrights in the subject images, whether some or all of those rights were assigned to GHM, whether some or all of those rights were licensed to GHM, and whether GHM exceeded the scope of any such license. As set forth in Section II.B, *supra*, the resolution of these issues

---

[12] The parties agree that because this case implicates federal copyright law, both courts are well-equipped to handle it.

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

Case No. 3:14-cv-01342-RS                              - 10 -                              DEFENDANTS' REPLY IN SUPPORT OF
                                                                                                      MOTION TO TRANSFER OR,
                                                                                                      ALTERNATIVELY, TO STAY

will materially advance this case. Wave will not suffer any prejudice from a stay (it will still be able to pursue its claims), the parties will be protected from the possibility of inconsistent judgments, and judicial and party resources will be preserved while these core issues are litigated elsewhere.

In opposing the stay, Wave once again relies on the facially implausible argument that this case and the New York Litigation are not related. This is, of course, contradictory to the allegations in the New York Complaint. Wave alleges that GHM managed each of the four hotels at issue in this case. (NY Compl. ¶ 9). According to the New York Complaint, the Hotel Photographs were not disseminated by Wave to anyone other than GHM. (NY Compl. ¶ 99). Thus, according to Wave's own allegations, Defendants could not have come into possession of the Hotel Photographs unless they were provided to Defendants, directly or indirectly, by GHM. In its Opposition, Wave offers the alternative explanation that "Defendants here received the infringing photos in this case . . . from the Internet or some other source." (Opposition, p. 10). But even if that were true (it is not), Wave ignores the fact that the rulings in the New York Litigation could fundamentally alter this case. All of the copyright registrations at issue in this case are at issue in the New York Litigation. (*Compare* FAC ¶ 16 *with* NY Compl. ¶ 77). If the New York court finds that these are not valid copyrights, Wave has no claim against Defendants. If the New York court finds that Wave assigned the copyrights to GHM, Wave has no claim against Defendants. If the New York court finds that Wave licensed the copyrights to GHM, this litigation will be limited to the scope of that license. There is no way around it — these two cases are related and if the Court will not transfer this case, then it should at least stay this case pending a resolution of the earlier-filed action in New York.[13]

Wave also tries to impose upon Defendants a higher standard for requesting a stay than actually exists. While it is true that certain courts in this district and this circuit have held that the standard for a stay overlaps with the standard for a preliminary injunction, those cases typically related to pressing concerns that were equivalent to the irreparable harm in a preliminary

---

[13] As noted in FN 7, *supra*, this same analysis would apply to Visa.

1  injunction context, such as deportation, *see Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998), or

2  an appeal of a preliminary injunction order, *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. Cal.

3  1983). No such irreparable harm exists here — although Wave has asserted a claim for injunctive

4  relief, there is no reason to believe that money damages could not remedy any "harm" it may

5  have suffered.

6  Moreover, Wave's citation to the preliminary injunction standard (pulled from a

7  preliminary injunction case) is not consistent with the standard actually put forth by the Ninth

8  Circuit for evaluating motions to stay. "Petitioner must show either a probability of success on

9  the merits and the possibility of irreparable injury, or that serious legal questions are raised and

10 the balance of hardships tips sharply in petitioner's favor." *Abbassi*, 143 F.3d at 514. The court

11 went on to say that these standards "represent the outer extremes of a continuum, with the relative

12 hardships to the parties providing the critical element in determining at what point on the

13 continuum a stay pending review is justified." *Id.*

14 In this case, the irreparable harm to Defendants, the serious legal questions, and the

15 hardships to Defendants are all the same: If this case proceeds on a parallel track to the New York

16 Litigation, there is a significant risk of inconsistent rulings, inefficiencies, and unnecessary

17 defense costs. These factors all outweigh any minimal "hardship" faced by Wave.

18 Ultimately, the decision on a motion to stay is left to the sound discretion of the Court:

19 "[T]he power to stay proceedings is incidental to the power inherent in every court to control the

20 disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

21 for litigants. How this can best be done calls for the exercise of judgment, which must weigh

22 competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 255

23 (1936). If the Court is unwilling to transfer this matter, it should exercise its discretion and stay

24 the case pending a resolution of the critical issues in the New York Litigation.

25 **III.   Conclusion**

26 For the foregoing reasons, Defendants respectfully request that this case be transferred to

27 the Southern District of New York. Alternatively, Defendants request that the case be stayed

28

pending a resolution of the threshold dispute between Wave and GHM in the New York Litigation.

Dated: September 25, 2014                    VEDDER PRICE P.C.


By: */s/ Blaine C. Kimrey*
     Blaine C. Kimrey

Attorney for defendants MASTERCARD INTERNATIONAL, INC. and VIRTUOSO, LTD.