Lucky Meinz (CA Bar No. 260632)
lmeinz@vedderprice.com
Brittany A. Sachs (CA Bar No. 287651)
bsachs@vedderprice.com
VEDDER PRICE (CA), LLP
275 Battery Street, Suite 2464
San Francisco, CA 94111

Blaine Kimrey (admitted *pro hac vice*)
bkimrey@vedderprice.com
Bryan Clark (admitted *pro hac vice*)
bclark@vedderprice.com
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  (312) 609 7500
F:  (312) 609 5005

Attorneys for defendants
MASTERCARD INTERNATIONAL, INC. and
VIRTUOSO, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE WAVE STUDIO, LLC, a New York Limited Liability Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MASTERCARD INTERNATIONAL, INC., a Delaware corporation; VIRTUOSO, LTD., a Delaware corporation; and DOES 1-100,<br><br>Defendants. | Case No. 3:14-cv-01342-RS<br><br>Honorable Judge Richard Seeborg<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO AMEND**<br><br>**Date:  November 20, 2014**<br><br>**Time:  1:30 p.m.**<br><br>**Location:  San Francisco Courthouse, Courtroom 3 - 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102** |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. LEGAL STANDARD ..................................................................................................... 1

III. ARGUMENT .................................................................................................................. 1

    A. The Motion was filed in bad faith. ..................................................................... 2

    B. The Motion fails to justify joinder of Visa. ........................................................ 3

    C. The Motion fails to establish when "new" facts came to light to justify amendment. .......................................................................................................... 6

IV. CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*America's Collectibles Network, Inc. v. Chase Paymentech Solutions, LLC*,
    2008 U.S. Dist. LEXIS 110063 (E.D. Tenn. Sept. 24, 2008)........................................ 2

*Banga v. First USA, NA*,
    2010 U.S. Dist. LEXIS 81676 (E.D. Cal. March 2, 2010) ............................................ 2

*Cadwalder v. United States*,
    45 F.3d 297 (9th Cir. 1995)........................................................................................... 8

*Calmedica LLC v. Novoste Corp.*,
    2004 U.S. Dist. LEXIS 1210 (N.D. Ill. Jan. 30, 2004).................................................. 6

*Cards Against Humanity, LLC v. Loftek Technological Co., LLC*,
    2014 U.S. Dist. LEXIS 4686 (N.D. Cal. Jan. 13, 2014)................................................ 5

*Chet Baker Enters., L.L.C. v. Fantasy, Inc.*,
    257 F. Supp. 2d 592 (S.D.N.Y. 2002)........................................................................... 2

*Corry v. CFM Majestic Inc.*,
    16 F. Supp. 2d 660 (E.D. Va. 1998).............................................................................. 5

*LG Electronics, Inc. v. First Int'l Computer, Inc.*,
    138 F. Supp. 2d 574 (D.N.J. 2001)................................................................................ 5

*McNaughton v. Merck & Co.*,
    2004 U.S. Dist. LEXIS 30287 (S.D.N.Y. Dec. 17, 2004).............................................. 8

*Pergo, Inc. v. Alloc, Inc.*,
    262 F. Supp. 2d 122 (S.D.N.Y. 2003) ........................................................................... 4

*Sonoma County Ass'n of Retired Employees v. Sonoma County*,
    708 F. 3d 1109 (9th Cir. 2013)...................................................................................... 1

*Sorosky v. Burroughs Corp.*,
    826 F.2d 794 (9th Cir. 1987)......................................................................................... 2

*Swift-Eckrich, Inc. v. American Suzuki Motor Corp.*,
    1989 U.S. Dist. LEXIS 8063 (N.D. Ill. July 12, 1989) ................................................. 5

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Visendi v. Bank of Am., N.A.*,
  733 F.3d 863 (9th Cir. 2013) .................................................................................................. 4

**Statutes**

28 U.S.C. § 1404(a) .................................................................................................................. 5, 6

**Rules**

FED. R. CIV. P. 15(a) ............................................................................................................ *passim*

FED. R. CIV. P. 19 ..................................................................................................................... 3, 6

FED. R. CIV. P. 20 ..................................................................................................................... 3, 6

Case No. 3:14-cv-01342-RS

- iii -

DEFENDANTS' RESPONSE IN
OPPOSITION TO MOTION TO AMEND

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

## I.  Introduction

The Motion for Leave to File Second Amended Complaint (Docket Entry 31, the "Motion") filed by plaintiff The Wave Studio, LLC ("Wave") is a thinly veiled attempt to defeat the motion to transfer or, alternatively, to stay filed by defendants MasterCard, Inc. ("MasterCard") and Virtuoso, Ltd. ("Virtuoso") (collectively, "Defendants"). Wave apparently hopes that by adding a new defendant to the proceedings, California-based Visa, Inc. ("Visa"), it can keep this case in the Northern District of California, despite the fact that the allegations against Defendants have absolutely no connection to this jurisdiction.  Because Wave's later-filed Motion can be addressed by the Southern District of New York after transfer, the Court need not address the Motion before ruling on Defendants' fully briefed motion to transfer.  But even if the Court is inclined to rule on the Motion before addressing transfer, it should deny the Motion because it (1) was filed in bad faith, (2) fails to justify joinder of Visa, and (3) fails to establish when new facts came to light (and what those facts were) to justify amendment on the eve of the Court's transfer decision.

## II.  Legal Standard

There is no doubt that, pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend] ***when justice so requires***." (Emphasis added).  But as Wave acknowledged in its Motion, courts can deny a motion to amend "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." (Motion, p. 3) (citing *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F. 3d 1109, 1117 (9th Cir. 2013)).

## III.  Argument

As an initial matter, the Court need not consider the Motion before ruling on Defendants' motion to transfer.  Various courts faced with a motion to amend following a motion to transfer or simultaneous motions have opted to transfer and allow the transferee court to rule on the motion to amend.  *See, e.g., Banga v. First USA, NA*, 2010 U.S. Dist. LEXIS 81676, *8 (E.D. Cal. March 2, 2010) (granting motion to transfer where plaintiff responded to transfer motion by filing a

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

Case No. 3:14-cv-01342-RS

DEFENDANTS' RESPONSE IN
OPPOSITION TO MOTION TO AMEND

1  motion to amend in hopes of avoiding transfer); *Chet Baker Enters., L.L.C. v. Fantasy, Inc.*, 257
2  F. Supp. 2d 592, 593 (S.D.N.Y. 2002) (granting motion to transfer and deferring to transferee
3  court on plaintiffs motion to amend); *America's Collectibles Network, Inc. v. Chase Paymentech
4  Solutions, LLC*, 2008 U.S. Dist. LEXIS 110063, *44 (E.D. Tenn. Sept. 24, 2008) (granting
5  motion to transfer and denying motion to amend without prejudice to refiling before the
6  transferee court).

7  But if the Court is inclined to hear Wave's Motion before ruling on Defendants' motion to
8  transfer, it should be denied because the Motion (1) was filed in bad faith, (2) fails to justify
9  joinder of Visa, and (3) fails to establish what new facts came to light to justify amendment.

10  **A.  The Motion was filed in bad faith.**

11  For the reasons set forth in Defendants' Motion to Transfer or, Alternatively, to Stay
12  (Docket Entry 27) and the accompanying reply filed concurrently with this brief, this case should
13  be transferred to the Southern District of New York in the interests of justice and for the
14  convenience of the parties. Wave's last-ditch effort to block transfer by seeking leave to amend
15  its complaint to add an unrelated California defendant was done in bad faith, for the purposes of
16  delaying a ruling on Defendants' motion to transfer and/or defeating it by subterfuge. The Ninth
17  Circuit has held that such gamesmanship can amount to bad faith and justify denial of a motion
18  for leave to amend. *See Sorosky v. Burroughs Corp.,* 826 F.2d 794, 805 (9th Cir. 1987) (holding
19  that plaintiff acted in bad faith when it moved to amend for the sole purpose of destroying the
20  court's diversity jurisdiction). Wave's proposed amendment is nothing more than a transparent
21  effort to manipulate venue by adding a California party that may have no connection to this
22  litigation.

23  If Visa has no connection, it ultimately will be severed from the case and amendment, if
24  granted, will have been futile. If Visa has a connection with this case, then the only viable
25  connection is through General Hotel Management ("GHM"), which is the primary defendant in
26  *The Wave Studio, LLC v. General Hotel Management Ltd., et al.*, Case No. 7:13-cv-09239
27  (S.D.N.Y.) (the "New York Litigation"). Based on the proposed Second Amended Complaint,
28  the only potential nexus between Visa and Defendants is that they obtained photos from the same

1  source, but Wave does not allege that. The absence of this allegation is telling. And the only

2  potential common source (based on Wave's allegations in the New York Complaint) would be

3  GHM — again, a fact that Wave fails to mention. Of course, Wave cannot explicitly state that

4  connection because doing so would demonstrate that this case belongs in the Southern District of

5  New York.

6  Regardless of whether Wave believes Visa has no connection to Defendants or believes

7  Visa is connected to Defendants via GHM, Wave *knows* that joining Visa to this case and

8  proceeding in this District is inappropriate. Accordingly, the Motion is made in bad faith and

9  should be denied.

10  **B.   The Motion fails to justify joinder of Visa.**

11  To properly join Visa as a party in this case, Wave must avail itself of either the Federal

12  Rules of Civil Procedure 19 or 20, neither of which is referenced in Wave's Motion. Wave has

13  not alleged any connections between Visa and Defendants in the Motion or the proposed Second

14  Amended Complaint, and it is widely known that Visa and MasterCard are competitors. The

15  allegations in the proposed Second Amended Complaint directed at Visa all relate solely to

16  actions allegedly undertaken by Visa alone. Although Visa is alleged to have infringed some of

17  the same copyright registrations that Defendants allegedly infringed, there is no allegation that

18  Visa and Defendants worked in concert with respect to these alleged infringements. Moreover,

19  Wave contends that Visa infringed *four additional* registrations, with no connection to

20  Defendants. (Docket Entry 31, Exh. A, ¶ 32). Particularly telling are the allegations in the

21  proposed Second Amended Complaint that at least some of Wave's claims against Visa are based

22  on a completely unique set of facts relating to unpublished photographs. (*See* Docket Entry 31,

23  Exh. A, ¶ 22). This suggests that the facts and claims related to Visa are distinct from the claims

24  against Defendants.[1]

25  Thus, there can be little doubt that Visa is not a mandatory party under Rule 19(a), such

26  that "in [Visa's] absence, the court cannot accord complete relief among existing parties."

---

[1] As set forth above, to the extent there is any potential nexus between Visa and Defendants, it would be that they both obtained photos from GHM.

1  Likewise, because Wave allegedly has separate claims against Visa and Defendants, the Court
2  can "accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Accordingly,
3  Visa can only be joined in this case if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added). The Second Amended Complaint does not assert a claim against Visa and Defendants "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" because there is no suggestion that the alleged copyright infringements arose out of the same transaction or occurrence. In fact, the allegations regarding the unpublished photographs directly refute that for at least some of the photos — it is clear that the alleged infringements of those photos were the result of different occurrences.

Rule 20 requires more than simply alleging that the defendants "violated the same laws in comparable ways." *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013). The parties must be united by more than "the superficial similarity of their allegations." *Id.* The case of *Pergo, Inc. v. Alloc, Inc.,* 262 F. Supp. 2d 122 (S.D.N.Y. 2003), is instructive. There, the court granted the defendants' motion to sever improperly joined claims because the defendants were competitors and there were "no allegations of any cooperative or collusive relationship between the two sets of defendants" *Id.* at 128. The court held that it was not enough for the plaintiff to simply allege that the two sets of defendants may have infringed the same patents. *Id.* Similarly, Wave cannot justify joinder of Visa simply because it allegedly infringed some of the same copyrights as Defendants. If Wave's claim is that Defendants and Visa infringed the photographs as part of the same occurrence, it needs to allege what that occurrence is to justify joinder — and if that occurrence is the provision of photos by GHM, then this matter should be transferred to the Southern District of New York and consolidated with the New York Litigation.

1    Wave's reliance on *Cards Against Humanity, LLC v. Loftek Technological Co., LLC*,
2 2014 U.S. Dist. LEXIS 4686, *4 (N.D. Cal. Jan. 13, 2014), as a case in which the court grants
3 "leave to amend complaint to add additional copyright defendant several months after the parties
4 filed initial disclosures" (Motion, p. 4) is misplaced because the facts in that case are completely
5 different from the facts here. In *Cards*, the additional copyright defendant that the plaintiff
6 sought to add was the service agent and corporate officer for one of the defendants already
7 named, and his actions were directly related to the same transaction and occurrence at issue in the
8 case. *Id.* at *5-*6. That is obviously distinguishable from the instant case, where Visa has
9 absolutely no connection to Defendants and Wave has not alleged a factual nexus between its
10 claims against the various defendants.
11    Wave's addition of Visa is precisely the type of venue manipulation that courts have often
12 criticized when severing parties and transferring claims. *See, e.g., LG Electronics, Inc. v. First*
13 *Int'l Computer, Inc.*, 138 F. Supp. 2d 574, 584 (D.N.J. 2001) ("Without the remedy of severance,
14 courts would be powerless to prevent a plaintiff from manipulating the system by joining a
15 peripherally connected defendant to the main action for the sole purpose of accentuating the
16 burdens of trial upon a defendant who otherwise would have been entitled to a § 1404(a)
17 transfer.") (internal citations omitted); *Calmedica LLC v. Novoste Corp.*, 2004 U.S. Dist. LEXIS
18 1210, *5 (N.D. Ill. Jan. 30, 2004) (severing party and transferring claim where "[i]t is transparent
19 to this Court that [plaintiff] has named [peripheral party] as a defendant in this matter solely to
20 justify venue in this Court"); *Swift-Eckrich, Inc. v. American Suzuki Motor Corp.*, 1989 U.S. Dist.
21 LEXIS 8063, *9 (N.D. Ill. July 12, 1989) ("The Court should not allow plaintiffs to choose their
22 forum by naming a [peripheral defendant] as a co-defendant with the target defendant."); *Corry v.*
23 *CFM Majestic Inc.*, 16 F. Supp. 2d 660, 664 (E.D. Va. 1998) ("Analysis properly begins with
24 recognition of the principle that when venue or personal jurisdiction in a transferee district is not
25 proper for a defendant who is only indirectly connected to the main claims, the transferor court
26 may sever the claims as to that defendant and transfer the remaining claims to the more
27
28

convenient forum pursuant to § 1404(a)."). Because the Motion fails to suggest that Visa was joined for any purpose other than justifying venue in this Court, it should be denied.[2]

### C. The Motion fails to establish when "new" facts came to light to justify amendment.

The Motion lacks any meaningful discussion of when the "new" facts relating to Visa came to light or what those facts may be. Wave alleges only that "[s]ince filing the FAC, Wave Studio has discovered additional information necessitating the filing of this SAC." (Motion, p. 2; *see also* Motion, p. 4). Exactly what "additional information" Wave learned is left to the imagination, as is the question of when in the last three months Wave learned it. The Court cannot assess whether there has been undue delay or dilatory motive without knowing when Wave became aware of the alleged facts that form the basis for the proposed Second Amended Complaint. But it certainly is more than a coincidence that Wave's so-called "timely" filing of the Motion occurred mere hours before the deadline for its response to Defendants' motion to transfer. The most plausible scenario is that Wave has been aware of its alleged potential claims against Visa for quite some time, but waited to use the joinder of Visa now as a last-ditch effort to avoid transfer and disrupt the progress of this case.

Beyond the broad assertion that the "additional information" relates to "Visa's infringement of many of the copyrighted works at issue in this litigation" (Motion, p. 4), the Motion does not specify exactly what Wave learned to justify adding Visa in this particular case. Without that information, the Motion should be denied because joinder is wholly improper and the amendment is futile.[3] If there is any connection, it almost certainly is GHM, in which case the

---

[2] If the Court believes Wave may be able to justify joinder of Visa under Rule 19 or 20, it can, of course, deny the Motion without prejudice and Wave can submit a more complete motion. But that should not delay a ruling on the pending motion to transfer.

[3] "[L]eave to amend pleadings, which is necessary to effectuate the joinder of a party plaintiff, need not be granted when such action would be 'futile.'" *Cadwalder v. United States*, 45 F.3d 297, 302 (9th Cir. 1995); *see also McNaughton v. Merck & Co.*, 2004 U.S. Dist. LEXIS 30287, *2 (S.D.N.Y. Dec. 17, 2004) (holding that if joinder of additional parties is improper, then amending the complaint is futile and should be denied).

case should be transferred to the Southern District of New York. Regardless, the Court should not evaluate this Motion on incomplete information. and it should be denied.

### IV. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court deny Wave's Motion for Leave to File Second Amended Complaint.

Dated: September 25, 2014        VEDDER PRICE P.C.

By: */s/ Blaine C. Kimrey*
    Blaine C. Kimrey

Attorney for defendants MASTERCARD INTERNATIONAL, INC. and VIRTUOSO, LTD.