NATE A. GARHART (CA Bar No. 196872)
(nate@cobaltlaw.com)
VIJAY K. TOKE (CA Bar No. 215079)
(vijay@cobaltlaw.com)
AMANDA R. CONLEY (CA Bar No. 281270)
(amanda@cobaltlaw.com)

COBALT LLP
918 Parker Street, Bldg. A21
Berkeley, CA 94710
Telephone: (510) 841-9800
Facsimile: (510) 295-2401

Attorneys for Plaintiff
THE WAVE STUDIO, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| THE WAVE STUDIO, LLC, a New York Limited Liability Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MASTERCARD INTERNATIONAL, INC., a Delaware corporation; VIRTUOSO, LTD., a Delaware corporation; and DOES 1-100,<br><br>Defendants. | Case No. 3:14-cv-01342-RS<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:          November 20, 2014<br>Time:         1:30 pm<br>Courtroom: Courtroom 3, 17th Floor<br>Judge:        Hon. Richard Seeborg |

/ / /

/ / /

## I. INTRODUCTION

Defendants make much of Plaintiff's alleged motive for filing its Motion for Leave to Amend the First Amended Complaint ("FAC"). But Plaintiff's motive is clear on the face of its Motion: Plaintiff The Wave Studio, LLC ("Wave Studio") recently discovered new information indicating that Visa, Inc. ("Visa") infringed several of the copyrighted photographs at issue in this litigation, as well as additional copyrighted photographs also owned by Wave Studio.

Defendants have not shown—and cannot show—that they would be prejudiced if Wave Studio is allowed to amend its FAC to add allegations against Visa. Plaintiff's motion to amend is timely, is based on newly-received information, and is offered in good faith. Accordingly, Plaintiff's Motion easily satisfies Federal Rule of Civil Procedure 15(a)'s liberal standard for granting leave to amend. For this reason, and because adding Visa to this litigation will avoid the unnecessary cost and delay associated with duplicative, parallel actions, the Motion should be granted.

## II. ARGUMENT

### A. Plaintiff's Motion For Leave To Amend Is Governed By Rule 15

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleadings to add a new party before trial. *See, e.g.*, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. Cal. 1987). This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties. *Id.* Where, as here, Defendants have not yet filed a responsive pleading, leave of court for amendment to bring in additional defendants is freely granted under Rule 15(a). *See, e.g.*, *Brown v. United States*, Case No. 1:12-cv-00165-AWI-GSA-PC, 2013 U.S. Dist. LEXIS 118404, *3 (E.D. Cal. Aug. 16, 2013); *accord Montoya v. SLM Corp.*, Case No. 14-cv-00287-SC, 2014 U.S. Dist. LEXIS 117394, *2 (N.D. Cal. Aug. 21, 2014) (noting that "Ninth Circuit precedent encourages district courts to grant leave to amend to add a defendant absent evidence of bad faith, unjust delay, prejudice to the entering party, or futility."). Accordingly, this Court should follow the Northern District's established practice and allow Plaintiff to amend its complaint to add Visa as a defendant pursuant to Rule 15(a) before a

responsive pleading has been served. As this District noted in *De Malherbe v. International Union of Elevator Constructors*,

> Plaintiffs have complete freedom to name parties when they commence an action, and the interests of defendants will not be substantially prejudiced in the early stage of a lawsuit by any delay in adding parties. Indeed, courts would grant motions to add parties at the early stages of litigation almost as a matter of course since the liberal standard of Rule 15 also applies to Rule 21 motions [to add one or more parties]. Consequently, involving the court in these matters serves no useful purpose and simply imposes an unnecessary burden on courts and litigants alike.

438 F. Supp. 1121, 1127-1128 (N.D. Cal. 1977) (internal citations omitted); *In re CBT Grp. PLC Sec. Litig.*, Case No. C-98-21014-RMW, 2000 WL 33339615 at *5 n.6 (N.D. Cal. Dec. 29, 2000) ("[A]s this court has previously held, joinder of a party when amending the pleadings should be analyzed under the liberal amendment policy of Rule 15."); *see also United States ex. rel. Precision Co. v. Koch Indus.*, 31 F3d 1015, 1018-19 (10th Cir. 1994) (holding question of whether plaintiff may add additional parties is governed by Rule 15, not Rule 21, because motion to amend was made before defendants filed a responsive pleading).

**B.     Leave Is Liberally Granted Under Rule 15 And Should Be Granted Here**

As Defendants admit, "there is no doubt that, pursuant to Federal Rule of Civil Procedure 15(a), '[t]he court should freely give leave [to amend] when justice so requires.'" Leave to amend a complaint to assert claims against additional defendants should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party. *Montoya*, 2014 U.S. Dist. LEXIS 117394 at *2, *citing DCD Programs, Ltd*, 833 F.2d at 185. Defendants have failed to establish any of these bases for denial of the motion.

Indeed, despite Defendants' insistence to the contrary, Plaintiff's motion is not offered in bad faith. Plaintiff moves to add Visa as a defendant in the instant action because Plaintiff has learned Visa infringed several of the copyrighted photographs already at issue in this litigation. Rather than filing a separate action against Visa containing nearly the exact same factual and legal allegations, Plaintiff seeks to avoid wasting the parties' and this Court's time by consolidating its claims against Defendants with its near-identical claims against Visa.

Nor would Plaintiff's amendment, if granted, be futile. Plaintiff does not seek to add Visa as a defendant in order to avoid dismissal of this action or to defeat diversity jurisdiction, which is not at issue here since this is a copyright case subject to federal question subject matter jurisdiction. *C.f. Sorosky v. Burroughs Corp.,* 826 F.2d 794, 805 (9th Cir. 1987) (holding that plaintiff acted in bad faith when it moved to amend for the sole purpose of destroying the court's diversity jurisdiction). At such an early stage in the litigation, before Plaintiff's claims have been tested and before Defendants have even answered the operative complaint, this Court can hardly find that Plaintiff's motion to amend, if granted, would be futile.

Finally, Plaintiff has not delayed its filing of this motion to amend—much less delayed such filing unduly. Plaintiff obtained information to support its proposed new allegations against Visa after filing its First Amended Complaint on July 11—a mere two months and seven days before filing the instant motion.  This short period of time, during which Plaintiff was investigating its claims against Visa, does not support a finding of undue delay on Plaintiff's part. This District has previously held that plaintiffs acted diligently and did not unduly delay when they waited to amend their complaint until their investigation provided sufficient evidence of actionable conduct. *See Wixon v. Wyndham Resort Dev. Corp.*, Case No. C07-02361 JSW, 2007 U.S. Dist. LEXIS 80862, *5 (N.D. Cal. Oct. 22, 2007); *c.f. Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (twelve month delay between learning relevant facts and filing motion to amend is unreasonable where motion to amend filed after close of discovery); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (eight month delay from time of obtaining facts until filing amended complaint unreasonable where motion to amend filed nearly one year after close of discovery).

       1.       Defendants Have Not Shown And Cannot Show That Any Prejudice Will Result If Plaintiff's Motion Is Granted.

Moreover, even if this court is inclined to find that Plaintiff delayed filing the instant motion to amend, mere delay, without more, is not sufficient reason to deny leave to amend. *See Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. Cal. 1999); *Smith v. Guaranty Service Corp.*, 51 F.R.D. 289, 293 (N.D. Cal. 1970) (the passage of time, without more, is not a sufficient basis for

denying a motion to amend). Rather, there must be some prejudice to defendant that would result if leave were to be granted. *Bowles*, 198 F.3d at 758. And not just any prejudice will suffice; the type of prejudice that would justify denying leave to amend should amount to at least an undue difficulty in proceeding with the lawsuit as a result of a change in tactics or theories. *Smith*, 51 F.R.D. at 293.

Defendants have not alleged that they will suffer any prejudice—much less undue difficulty in proceeding with this lawsuit—if Plaintiff's motion for leave is granted. Nor could they. At such an early stage in the litigation, before Defendants have even filed a responsive pleading, allowing Plaintiff to assert its *existing* claims against a new, similarly situated defendant cannot possibly cause undue prejudice to Defendants. *See Wixon*, 2007 U.S. Dist. LEXIS 80862 at *5-7 (granting Plaintiffs leave to amend complaint to add related claims against defendants based on new information obtained while litigation was in an early stage).

    **C.**    **Even If Joinder of Visa Were Improper Under Rule 20, Plaintiff Should Be Allowed To Add Visa As A Defendant In This Action To Conserve Judicial Resources And Avoid Unnecessary Cost And Delay**

Plaintiff does not concede that FRCP 20 is relevant to this Court's review of Plaintiff's Motion for Leave. Nor does Plaintiff concede that joinder of Visa as a defendant in this litigation would be improper under FRCP 20. Notably, Defendant Virtuoso, for example, nowhere denies that it was the source of the infringing photographs to Visa. Such a connection between the parties would clearly support joinder of Visa as a defendant in this action.

But even if the Court is inclined to find that Rule 20 applies here and/or that joinder of Visa is improper under Rule 20, Plaintiff submits that the Court should nevertheless grant Plaintiff's Motion for Leave and allow Plaintiff to add Visa as a defendant in order to conserve judicial resources and avoid unnecessary cost and delay.

In the analogous context of patent cases, the Federal Circuit has held that where joinder is not proper under Rule 20, a court may still "consolidate cases for discovery and for trial under Rule 42," so long as common questions of law or fact exist among the cases. *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012). Moreover, courts in this Circuit routinely consolidate cases or claims against copyright defendants on similar facts. For example,

1  in *Newmark v. Turner Broadcasting Network*, the Central District of California consolidated two
2  copyright cases at least for the purposes of discovery because both actions required a
3  determination of whether defendants' similar activities constituted copyright infringement. 226
4  F. Supp. 2d 1215 (C.D. Cal. 2002). And in the patent context, courts in this District have
5  consolidated cases against patent infringement defendants—even when the cases involved
6  different patents—simply because all of the patents at issue involved similar technology. In
7  *Paxonet Communs., Inc. v. Transwitch Corp.*, this District consolidated two patent actions
8  involving "a number of common questions of law and fact" despite the fact that one action
9  involved a patent not at issue in the other, because both patents concerned the same basic
10 technology, and judicial efficiency would be served by consolidation. 303 F. Supp. 2d 1027,
11 1028-1029 (N.D. Cal. 2003). Similarly, in *Solannex, Inc. v. MiasolÉ, Inc.*, this District
12 consolidated two patent infringement cases "involving the same parties, the same accused
13 products, and similar patents from the same family describing similar technology" because
14 "[p]roof of infringement at trial would involve bringing many of the same witnesses, including
15 the prosecutor and named inventor of all four patents." Case Nos. CV 11-00171 PSG; CV 12-
16 00832 PSG, 2013 U.S. Dist. LEXIS 15057, *9-10 (N.D. Cal. Feb. 1, 2013).

17      Here, as in *Solannex*, proof of Defendants' copyright infringement at trial will involve
18 bringing many of the same witnesses, including the named copyright owner for all photographs
19 at issue and the same former employees of Plaintiff (all residents of Singapore). And as this
20 District noted in *Solannex*, "[a]llowing such cases to proceed in parallel would involve
21 duplicative proceedings and filings and would be unduly burdensome on both the parties and the
22 court.  There is no serious question that this is true in the cases here." 2013 U.S. Dist. LEXIS
23 15057 at *10. Nor is there any question that judicial economy would be served, and substantial
24 costs and delays avoided, if the Court allows Plaintiff to add Visa as a defendant in this action
25 rather than filing a second action against Visa alleging the exact same claims already at issue in
26 this litigation.
27 / / /
28 / / /

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR LEAVE TO FILE                5               Case No.: 3:14-cv-01342-RS
SECOND AMENDED COMPLAINT

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion For Leave To Amend should be granted.

Respectfully submitted,

Dated: October 9, 2014                                   Cobalt LLP


                                                         By: /s/ Vijay K. Toke
                                                         Nate A. Garhart
                                                         Vijay K. Toke
                                                         Amanda R. Conley
                                                         COBALT LLP
                                                         918 Parker Street, Bldg. A21
                                                         Berkeley, CA 94710

                                                         Attorneys for Plaintiff
                                                         The Wave Studio, LLC

---

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR LEAVE TO FILE                    6               Case No.: 3:14-cv-01342-RS
SECOND AMENDED COMPLAINT