JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
SEBASTIAN E. KAPLAN (CSB No. 248206)
skaplan@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

Attorneys for Defendant TRAVIX TRAVEL USA INC.

WILLIAM H. FRANKEL (admitted *pro hac vice*)
wfrankel@brinksgilson.com
DANIELLE ANNE PHILLIP (admitted *pro hac vice*)
dphillip@brinksgilson.com
BRINKS GILSON & LIONE
NBC Tower – Suite 3600
455 N. Cityfront Plaza Drive
Chicago, IL  60611
Telephone:    (312) 321-4200
Facsimile:    (312) 321-4299

PETER M. HART (CA Bar No. 107920)
peter.hart@leclairryan.com
LECLAIRRYAN, LLP
44 Montgomery Street, Suite 3100
San Francisco, CA 94104
Telephone:    (415) 391-7111
Facsimile:    (415) 391-8766

Attorneys for Defendants BRITISH AIRWAYS PLC and
SWISS INTERNATIONAL AIR LINES LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA — SAN FRANCISCO DIVISION

| | |
|---|---|
| THE WAVE STUDIO, LLC, a New York Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>MASTERCARD INTERNATIONAL, INC., et al.<br><br>Defendants. | Case No.: 3:14-cv-01342-RS<br><br>**DEFENDANTS BRITISH AIRWAYS PLC, SWISS INTERNATIONAL AIR LINES LTD., AND TRAVIX TRAVEL USA INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

## I. INTRODUCTION

Under Civil L.R. 3-12, Defendants British Airways PLC, Swiss International Air Lines Ltd., and Travix Travel USA Inc. ("Moving Defendants"), bring this administrative motion to consider whether the case *The Wave Studio, LLC v. British Airways PLC et al.*, No. 5:15-cv-01341-LHK should be related to *The Wave Studio, LLC v. Mastercard International, Inc.*, No. 3:14-cv-01342-RS, the lowest numbered of the eight copyright infringement cases initiated by The Wave Studio, LLC ("Wave") in this district. Under Civil L.R. 7-11, the Moving Defendants have received written confirmation that Plaintiff does not oppose this motion and that Defendant Hotels Combined LLC does not oppose this motion. *See* Kaplan Declaration in support of Administrative Motion to Consider Whether Cases Should Be Related ¶¶ 2–3.

## II. BACKGROUND

Plaintiff Wave has filed numerous copyright infringement lawsuits against over a hundred defendants. Each of these lawsuits relates to photographs of hotels that photographer Junior Lee allegedly created for General Hotel Management, Ltd. ("GHM"). Apparently believing that it had necessary rights to the photographs, GHM made them widely available, and the images have allegedly appeared on numerous travel and tourism websites around the world.

Wave filed the earliest of its lawsuits against GHM, along with numerous other defendants, in the Southern District of New York. *The Wave Studio, LLC v. General Hotel Management Ltd. et al.*, Case No. 7:13-cv-09239-CS-PED (filed December 31, 2013). The court stayed the *General Hotel Management* action as to all defendants except GHM, allowing Wave and GHM to first litigate the threshold issue of whether GHM held the copyrights in the images. *See* '9239 Dkt. 67.

Since filing the *General Hotel Management* action, Wave filed eight new lawsuits in this district. Each of these lawsuits involved photographs that are also at issue in the GHM lawsuit. As shown below, with the exception of the two most-recently filed cases, these actions have been transferred to the Southern District of New York, and related to the *General Hotel Management* action:

| Case Title | Date Filed | Date Closed | Resolution |
|---|---|---|---|
| The Wave Studio, LLC v. Mastercard International, Inc., Case No. 3:14-cv-01342-RS | March 24, 2014 | October 10, 2014 | Motion to Transfer to United States District Court for the Southern District of New York Granted. (Dkt. 43.) |
| The Wave Studio, LLC v. Visa, Inc., Case No. 3:15-cv-00239-JST | January 16, 2015 | June 19, 2015 | Stipulation to Transfer (S.D.N.Y.) Entered. (Dkt. 36.) |
| The Wave Studio, LLC v. American Express Company, Case No. 3:15-cv-00354-WHA | January 26, 2015 | April 30, 2015 | Stipulation to Transfer (S.D.N.Y.) Entered. (Dkt. 28.) |
| The Wave Studio, LLC v. AOL Inc. et al., Case No. 3:15-cv-00814-SI | February 23, 2015 | July 28, 2015 | Stipulation to Transfer (S.D.N.Y.) Entered. (Dkt. 37.) |
| The Wave Studio, LLC v. United Airlines, Inc., Case No. 4:15-cv-00818-YGR | February 23, 2015 | July 7, 2015 | Stipulation to Transfer (S.D.N.Y.) Entered. (Dkt. 27.) |
| The Wave Studio, LLC v. Virgin America Inc. et al., Case No. 3:15-cv-00952-MMC | March 2, 2015 | July 28, 2015 | Stipulation to Transfer (S.D.N.Y.) Entered. (Dkt. 31.) |
| The Wave Studio, LLC v. British Airways PLC et al., Case No. 5:15-cv-01341-LHK | March 23, 2015 | | |
| The Wave Studio, LLC v. Amadeus North America, Inc. et al., Case No. 3:15-cv-01364-RS | March 24, 2015 | | |

The *General Hotel Management* case puts at issue at least some of the same hotels and copyright registrations as these actions. *See* '1342 Dkt. 43 at 3:3–6 (finding the same hotels at issue in the *General Hotel Management* and *Mastercard* cases). Here, all of the copyright registrations at issue in the *General Hotel Management* case are also at issue in this case.

### III.   ARGUMENT

This case and the *Mastercard* action satisfy the criteria for related cases set forth in Civil

L.R. 3-12, because (1) they involve the same plaintiff and substantially the same property (Plaintiff's hotel photographs) and transactions (Plaintiff's dealings with GHM), and (2) if the cases were conducted before different judges, it is highly likely that there will be unduly burdensome duplication of labor and expense. Civil L.R. 3-12.

      **A.**      **The *British Airways* Action and the *Mastercard* Action Concern Substantially the Same Parties, Property, Transaction, and Events.**

This action and the *Mastercard* case both involve the same plaintiff, The Wave Studio, LLC.

The two actions also involve the same or similar property—the alleged copyrights to certain photographs depicting the same hotels. In the *Mastercard* case, Wave accused Mastercard of infringing photographs of the The Setai Miami, The Chedi Muscat, The Nam Hai Hoi An, and The Datai Langkawi hotels. '1342 Dkt. 43 at 2:16–18. In this case, Wave has accused Defendants of infringing photographs of the same hotels, plus a few others. '1341 Dkt. 1 at 6:19–23. These photographs also involve the same copyright registrations. In the *Mastercard* case, Wave identified three copyright registrations for compilations of photographs: Registration Nos. VA 1-432-326, VA 1-432-328, VA 1-432-331. '1342 Dkt. 1 ¶ 13. In this case, Wave has identified the same three copyright registrations, along with a few others. '1341 Dkt. 1 ¶ 20.

The two actions also involve the same transactions and events. In particular, the photographs-at-issue appear to be of hotels managed or owned by General Hotel Management, Limited ("GHM"), the primary defendant in the S.D.N.Y. action. As this Court held in granting the Mastercard Defendants' motion to transfer: "A threshold issue in the New York case is therefore whether Wave in fact holds copyright over the hotel photographs, and if so, whether GHM received the right to distribute the images to any third parties." '1342 Dkt. 43 at 3:8–11. Whether GHM was authorized to distribute the hotel photographs to the Moving Defendants and/or parties from whom Moving Defendants obtained allegedly infringing images is also a threshold issue in the *British Airways* case, thus implicating several related transactions and events. For example, the relationship between GHM and Wave's operator and photographer Junior Lee will be relevant to whether Ms. Lee was an employee of GHM at the time she created

the photographs. Further, the content of any agreements between GHM and Ms. Lee will likely determine whether Wave actually owns the copyright, or whether GHM was authorized to distribute the photographs—predicate issues for Wave's infringement claims.

Because the *Mastercard* action and this case involve the same plaintiff, copyright registrations, hotel photographs, and transactions between Ms. Lee and GHM, these cases satisfy the first prong of Civil L.R. 3-12(a).

### B. It Appears Likely that there Will be an Unduly Burdensome Duplication of Labor and Expense or Conflicting Results if the Cases are Conducted before Different Judges.

This Court has already expended its time and labor to decide that the *Mastercard* case was sufficiently related to the *General Hotel Management* case to justify transfer to the Southern District of New York. Defendants in this action are likely to file notices and motions requiring the deciding judge to be familiar with the New York action, such as a motion for stay pending further decision by the United States District Court for the Southern District of New York, or a motion to transfer to that court. Permitting this case to proceed before a different judge would likely create an unduly burdensome duplication of labor for Judge Koh to become familiar with the issues that this Court has already investigated. Further, the risk of inconsistent adjudications—which could reward Wave's apparent judge-shopping these complaints—further weighs in favor of relating these cases.

Finally, an order relating these cases would not create any new burden for the Parties. The parties have not yet participated in an initial case management conference, which is currently scheduled for October 8, 2015, nor have they engaged in discovery. Other than vacating the initial case management conference date, the only other hearing date that would be affected is the date for hearing Defendant VisitUSA LLC's motion to dismiss, currently scheduled for October 8, 2015.

### IV. CONCLUSION

Wave Studio's copyright infringement cases regarding photographs of hotels managed or owned by GHM are related under Civil L.R. 3-12. An order deeming the cases related would streamline the prosecution of these cases, avoid the risk of duplicated effort by the Court, and

discourage Wave from attempting to judge-shop in this district.

Dated: September 3, 2015                        FENWICK & WEST LLP


                                                By: /s/ *Jedediah Wakefield*
                                                    Jedediah Wakefield
                                                    Todd R. Gregorian
                                                    Sebastian E. Kaplan

                                                    Attorneys for Defendant
                                                    TRAVIX TRAVEL USA INC.


Dated: September 3, 2015                        BRINKS, GILSON & LIONE


                                                By: /s/ *William H. Frankel*
                                                    William H. Frankel
                                                    Danielle Anne Phillip

                                                    Attorneys for Defendants
                                                    BRITISH AIRWAYS PLC and
                                                    SWISS INTERNATIONAL AIR LINES LTD.


### ATTESTATION OF SIGNATURES

Pursuant to Local Civil Rule 5-1(i), I hereby attest that I have obtained concurrence in the filing of this document from each of the Signatories.

Dated: September 3, 2015                        FENWICK & WEST LLP


                                                By: /s/ *Jedediah Wakefield*
                                                    Jedediah Wakefield

                                                    Attorneys for Defendant
                                                    TRAVIX TRAVEL USA INC.